ANDERSON v. CAVE.

1. PARTITION—PROBATE COURT.—The proceeding pleaded by respondent as a case in partition in the probate court, *held* not to be such a proceeding.

2. IBID.—IBID.—JURISDICTION.—This Court will only sustain partition of land made by probate court prior to the case of *Davenport* v. *Caldwell*, 10 S. C., 317, in those cases where rights are vested by sale for partition.

3. PROBATE COURT—MORTGAGE—LIEN.—The court of probate has no jurisdiction to enforce a mortgage or any other lien.

4. JUDGMENT—RES JUDICATA.—A judgment is only conclusive of matters that had of necessity to be determined before judgment could be given.

Before EARLE, J., Barnwell, November, 1896. Reversed.

Action by Caroline M. Anderson against Samuel C. Cave, David S. Hair, Carrie C. Farrell, Jennie Brown, T. S. Cave, W. L. Cave, and H. B. Cave. The following is the con· cluding portion of the Circuit decree, which is not incorporated in the opinion:

"It further appears that the plaintiff was at the time of said proceeding in the probate court *sui juris*. When the plaintiff was served with the summons in the action for partition in the probate court, an opportunity was afforded

her to come in and set up the claim she is now seeking to enforce; and if she conceived, as she now alleges, that her legacy was a charge upon the land to be partitioned in that suit, she was bound to do so; and failing to assert her claim at that time, she waived it; and those to whom the land was assigned in that suit, and those who have purchased from them since, took and hold their land freed and discharged from her said claim. The defense of *res judicata* is sustained.

It is, therefore, ordered, adjudged, and decreed, that the complaint be, and hereby is, dismissed with costs."

From this decree the plaintiff appealed, on the following exceptions:

"That his Honor, the presiding Judge, erred in holding and concluding that the plaintiff was bound, when served with the summons in the action of Cave *v.* Anderson for partition in the probate court, to come in and set up her claim to the legacy claimed under her father's will in that action, and that this claim was waived by her failure to set it up in said action. 1. Because the only issue which appears to have been involved in that action was the partition and severance of possession of the testator's land. 2. Because the probate court was without jurisdiction to ascertain the amount due on said legacy, which the will directed to be ascertained in a particular manner, said directions not being incapable of performance, or to enforce the payment of said legacy. 3. Because the doctrine of *communis error facit jus*, invoked to sustain the jurisdiction of the probate court in cases submitted to it for partition, should not be extended to include in the judgment issues *not* submitted to it by a party defendant against whom a default judgment *pro confesso* was rendered."

*Messrs. Bellinger, Townsend & O'Bannon* and *H. F. Buist*, for appellants, cite: 17 S. C., 35; 19 S. C., 254; 21 S. C., 617; 68 Cal., 73; 8 Pac., 849; 97 Ind., 27; 19 S. E. R., 352, 742; 4 S. C., 51; 14 Rich. Eq., 132; 83 Ala., 171;

19 S. C., 324; 18 S. E. R., 228; 10 S. C., 331; 18 S. C., 339, 358.

*Mr. Robert Aldrich,* contra, cites: Rice, 232; 5 Rich. L., 109; 1 Bail. Eq., 330; 6 Rich. Eq., 313; 1 John. C. R., 436.

July 1, 1897.    The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER.    This is an appeal from the judgment of his Honor, the late Judge Earle, which is fully set out in the "Case," and which, together with the exceptions thereto, should be incorporated in the report of this case.

All that we know of the nature of this action and of the defenses thereto is derived from the following language, found in the Circuit decree: "The object of the present action is to recover from the defendants, Samuel C. Cave, one of the sons of the testator, and others, purchasers from him and other sons of the testator, of parts of the lands devised by said will, her said legacy, which she alleges has never been paid to her, and claims is a charge upon all of the land of the testator.    The defendants set up in their answer various defenses, only one of which has been considered, and upon which the cause is decided, namely, the defense of *res judicata.*"    The only question, therefore, before us is, whether there was error in sustaining the defense of *res judicata,* and to that alone we shall confine our attention.

It appears that the plaintiff is the daughter of the late Tarlton Cave, who, by his will, disposed of the land described in the complaint as follows: "Unto my sons, John M. Cave, Harrison B. Cave, William L. Cave, Anderson T. Cave, and Samuel C. Cave, I give and devise all my lands and real estate, share and share alike, to them and their heirs forever; and I hereby direct that as soon after my death as it shall be practicable and convenient, my lands and real estate shall be valued and appraised by five disinterested and discreet persons, to be appointed by my sons,

or a majority of them, and that, after such appraisement, my said sons shall pay to Caroline M. Anderson and Imogene McDonald each one-eighth part of the appraised value of my said land and real estate." The defense of *res judicata* rests upon the following statement, found in the Circuit decree: "It appears from the testimony that on the 31st day of August, A. D. 1870, an action was commenced in the probate court for Barnwell County, in which John M. Cave and the other sons of the testator were plaintiffs, and John Henry Anderson, his wife, Caroline Anderson, the plaintiff hererein, and others, were defendants, for the partition of the real estate of the said testator. The petition in said case is missing, and is unaccounted for. All of the other papers usual in such a proceeding are on hand, and seem to be regular, from which it appears that Mrs. Anderson, the plaintiff here, was personally served with the summons on the 6th day of September, A. D. 1870; that she made default, and on the 11th day of February, A. D. 1871, an order *pro confesso* was entered against her. On the 13th February, A. D. 1871, an order directing a writ of partition to issue was made by the probate judge. On the    day of February, A. D. 1871, a writ of partition was duly issued, under the seal of the probate court, directed to five persons named therein as commissioners; three of whom qualified as such by taking the required oath, on the 17th day of February, A. D. 1871. The said commissioners made their return under their hands and seals, whereby they appraised the land of the testator at $7,035, and assigned the land to the *four* sons of the testator, as tenants in common (why the land was assigned the *four* sons instead of *five* sons of the testator, does not appear, though that seems to be immaterial to the present inquiry). On the 18th day of February, A. D. 1871, the probate court passed a decree confirming the commissioners' return and making it the judgment of the court. On the    day of January, A. D. 1872, the four sons of the testator, John M. Cave, Samuel C. Cave, William L. Cave, and Harrison B. Cave, executed among

themselves a deed of partition of said land." The follow-ing statement is found in the "Case:" "So much of the record of the action in the probate court mentioned and re-ferred to in the decree as was before the Court at the trial does not mention any legacy to the plaintiff, Mrs. Ander-son, or contain any reference thereto." Upon this state of facts the Circuit Judge sustained the plea of *res judicata*, and rendered judgment dismissing the complaint with costs.

It seems to us that the Circuit Judge has fallen into two errors. 1st. In assuming that the proceeding in the pro-bate court was for partition. 2d. In holding that, if so, then the plaintiff, who was made a party to that proceeding, was bound to set up her claim for her legacy in that pro-ceeding, and not having done so, such claim must now be regarded as *res judicata*.

The petition by which the proceeding in the probate court was commenced having been lost, and there being no evidence in this case as to what was its scope and object, except so far as may be inferred from the subsequent proceedings, which are before the Court, we have no means of determining, with any degree of certainty, what allegations were made in such petition or what relief · was therein demanded. The statement made in the "Case," that there is no mention of any legacy, or any reference thereto, in such portions of the record in the probate court as are now before the Court, certainly does not warrant the inference that there was anything in the petition in refer-ence to plaintiff's legacy, but rather the contrary. For the very fact that there is no allusion to the legacy in such por-tions of the record as are before the Court, affords the strongest inference that there was nothing said in the peti-tion about the legacy, and no judgment demanded for its payment. The fact that there was no other reason for making the plaintiff a party to the proceeding in the pro-bate court, except for the purpose of making some provision for her legacy, so much relied upon by respondents, is not sufficient to warrant the assumption that plaintiff's claim

for her legacy must be regarded as having been adjudicated
in that proceeding, for several reasons.   In the first place,
we do not think that the proceeding in the probate court
can properly be regarded as a proceeding for the partition
of the lands of the testator amongst the parties entitled
thereto under his will; for if that were its object, such ob-
ject certainly was not accomplished by that proceeding.
The only parties entitled to partition were the five sons of
the testator, and all that was done by the commissioners
was to appraise the lands and assign the same "to the four
sons of the testator, *as tenants in common*"—thus leaving
the lands precisely as they were left by the will, except
that, for some unexplained reason, they were assigned to
the *four* instead of the *five* sons of the testator, which of
them constituted the four not being stated.   It is quite cer-
tain, therefore, that there was no partition of the lands
amongst the only parties entitled thereto.   This was mani-
festly the view taken by the parties, for nearly a year after
the so-called return of the commissioners was confirmed by
the probate court, the four sons "executed among them-
selves a deed of partition of said land"—showing conclu-
sively that the sons did not consider that there had previously
been any partition made by the probate court.   It seems to
us that much the more reasonable inference is, that the sole
object of the proceeding in the probate court was to obtain
an appraisement of the value of the lands of the testator,
with a view to ascertain the amount of the legacies due by
the sons to the plaintiff and the other lady mentioned in
the will, and that was certainly the only object accom-
plished by that proceeding; and when it was accomplished,
no further action was taken under that proceeding; but, on
the contrary, about a year after the proceeding in the pro-
bate court terminated, the sons made partition of the land
by deed amongst themselves.   This will afford a reason for
the fact that the plaintiff was made a party to the proceed-
ing in the probate court, which was so much relied upon
by respondents.   For it will be remembered that the will

provided that the land "shall be valued and appraised by
five disinterested and discreet persons, to be appointed by
my sons, or a majority of them, and that after such appraise-
ment, my said sons shall pay to Caroline M. Anderson and
Imogene McDonald each one-eighth part of the appraised
value of my said land and real estate." Now, as the mode
prescribed by the will for ascertaining the value of the real
estate of the testator, and thus fixing the amount of the
legacies to the two ladies named, was not resorted to, there
was nothing left but a resort to the Court; and this, in our
judgment, was the sole object of the proceeding in the
court of probate, and was certainly the only object accom-
plished by that proceeding.

But even if the proceeding in the court of probate could
be regarded as a proceeding for partition, we do not think
that the plaintiff was bound to assert her claim now set
up in that proceeding, and hence the judgment in
that proceeding cannot support the plea of *res judi-
cata* in the present case. In the first place, it is
more than doubtful whether the court of probate could take
jurisdiction of the plaintiff's claim. While it is quite true
that the jurisdiction of the court of probate to make parti-
tion of real estate has been recognized, in so far as it is
necessary to protect the title of a purchaser at a sale for
partition, under the maxim, *communis error facit jus* (*Hern-
don* v. *Moore*, 18 S. C., 339), yet in that case, the preceding
decision in *Davenport* v. *Caldwell*, 10 S. C., 317, denying
the power of the legislature to confer upon the probate
court jurisdiction in cases of partition, was affirmed. The
practical result, therefore, is, that while this Court will
recognize the validity of a judgment of the court of probate
in partition, rendered prior to the decision in *Davenport* v.
*Caldwell*, *supra*, under the maxim of *communis error facit
jus*, in so far as it is necessary to protect rights vested by
sale, or perhaps otherwise, under such judgment, it will go
no further in recognition of such jurisdiction. In this case,
it is apparent that no such vested rights are involved, as

there was no sale for partition, and, in fact, no judgment for partition in kind. It is clear, therefore, that the court of probate had no jurisdiction in the proceeding relied upon as the basis for the plea of *res judicata*, and hence there was error in sustaining such plea; for it certainly cannot be claimed that the so-called adjudication of a question of which the Court has no jurisdiction can support a plea of *res judicata.*

But even if it should be conceded that the court of probate did have jurisdiction for the purpose of partition, it does not by any means follow that such court could take jurisdiction of plaintiff's claim that her legacy was a charge or encumbrance upon the land; for it never was supposed that the court of probate had jurisdiction to enforce the lien of a mortgage or any other lien.

But, waiving all questions of jurisdiction, we do not see how the plea of *res judicata* could have been sustained in this case. It is quite certain that there is no evidence that the claim of the plaintiff was either presented to or considered by the court of probate in the proceeding before that court; and, therefore, unless it was necessary that such claim should have been adjudicated in that proceeding before the judgment then rendered could have been reached, such judgment cannot be regarded as conclusive. In *Hart* v. *Bates*, 17 S. C., 35, the rule is laid down as follows: "A judgment is not conclusive of every question which might have been made in the case, as is sometimes erroneously said, but only of matters that had of necessity to be determined before judgment could have been given;" and this rule is supported by cases of the highest authority there cited, and has been recognized and followed in *Trimmier* v. *Thomson*, 19 S. C., 254, which has, in turn, been recognized in the very recent case of *Willis* v. *Tozer*, 44 S. C., 1. Conceding, then, for the purposes of this case, that the court of probate had full jurisdiction in the proceeding before it, and that the question of the plaintiff's claim was there presented, or could have

been presented, its adjudication was not necessary to ena-
ble that court to render judgment, and hence such judg-
ment is not conclusive.   For in *Barber* v. *McAliley*, 4 S.
C., 49, it was held, that a sale of land for partition between
heirs does not divest the lien of a judgment against the an-
cestor; the purchaser takes subject to the lien.   Following
the case of *Moore* v. *Wright*, 14 Rich. Eq., 132, and in the
case of *Barber* v. *McAliley*, the case of *Walton* v. *Copeland*,
7 Johns. Ch., 140, is cited as holding that the judgment
creditor would not even be a proper, much less a necessary,
party to the partition.   From these authorities, it follows
that, even if the proceeding in the court of probate be given
full force and effect as a proceeding for partition, it was
not necessary that the claim of the plaintiff should have
been there adjudged; and as there is not the slightest evi-
dence that it was, in fact, adjudged, such proceeding cannot
support the plea of *res judicata*.

The judgment of this Court is, that the judgment of the
Circuit Court be reversed, and that the case be remanded
to that Court for the determination of the other issues in
the case.