## STATE v. TUCKER.

1. CONSTITUTION—TAXING POWER.—SECS. 1273 AND 1274 OF REV. STAT. cannot be supported as a legitimate exercise of the taxing power, because they do not purport to be such, and as such they would be repugnant to art. IX., sec. 1; art. I., sec. 36; art. III., sec. 33, of the Con. of 1868, and to art. X., secs. 1, 13; art. I., sec. 6; art. III., sec. 29, of Con. 1895.

2. IBID.—RES JUDICATA.—An adjudication in one appeal of one consti-
tutional objection to a statute does not preclude the same party from
making another constitutional objection to the same statute on a
subsequent appeal.

Before GAGE, J., Anderson, August, 1899.    Reversed.

- Indictment against W. H. Tucker and J. B. Tucker for
failing to remove trash, &c., from running streams.    The
order on Circuit dismissing the appeal from magistrate
court and overruling constitutional objections, is as follows:

This is an appeal from the judgment of a magistrate.    The
prosecution is under section 1273 of the Revised Statutes of
1893.    The cause has been carried to the Supreme Court
upon a constitutional question: 54 S. C., 251.    It was re-
manded to the magistrate for trial.    At the second trial
before the magistrate, defendants moved to dismiss the war-
rant because the act of the General Assembly was in viola-
tion of certain other provisions of the Constitutions of 1868
and 1895, not before passed upon.    The magistrate refused
the motion, and the appeal to this Court is from his order.
The right of the defendants to appeal from the order was
not questioned before me, and I shall, therefore, not consider
that question.    The provisions of the Constitutions of 1868
and 1895 now invoked are:

1868—Art IX., sec. 1.    Taxation shall be uniform and
equal.    1895—Art. X., sec. 1.    Taxation shall be uniform
and equal.    Art. I., sec. 6.    Property shall be taxed in pro-
portion to value.    Art. X., sec. 5.    Certain corporate author-
ities are vested with power to tax, etc.    Art. I., sec. 5.    The
privileges and immunities of citizens shall not be abridged;
persons shall not be deprived of life, liberty or property with-
out due process of law; persons shall not be denied equal pro-
tection of the laws.    Art. XVII., sec. 11.    Laws of force 1st
January, 1896, and constitutional when enacted, are con-
tinued of force, if consistent with the Constitution of 1895.

I shall take up these subjects in an inverse order.    If the
statute in question was constitutional when enacted—that is,

conformed to the organic law of 1868, and if consistent with the organic law of 1895—then it is yet of force. The only inquiry, therefore, is: Does the statute conform to the two Constitutions? And that must be judged by the other provisions above cited, and relied on by defendants. These provisions embrace two subjects, to wit: The taxing power, and what is known as due process of law. And these subjects I will take up in an inverse order. The subject last referred to was not embodied in the Constitution of 1868, nor in the Constitution of 1790. It was taken almost verbally from section 1 of the 14th Amendment to the Constitution of the United States. It has three clauses, to wit: 1st. The privileges and immunities of citizens of this State and of the United States under this Constitution shall not be abridged. 2d. Nor shall any person be deprived of life, liberty or property without due process of law. 3d. Nor shall any person be denied the equal protection of the laws. I must confess my inability to understand the meaning of the first clause when in the Constitution of a State, unless it means that the guarantees, to the citizen, in the Constitution of 1895, shall not be abridged by the General Assembly. That is true, without a declaration to support it. The second clause has a well defined construction. "Due process of law" undoubtedly means, in the "due course of legal proceedings, according to these rules and forms which have been established for the protection of private rights."—(Cooley Const. Lim., pages 437, *et seq.*) The third clause simply means that enactments shall operate in the same way on all citizens in like plight. In my opinion, the statute under consideration does not fall under the inhibition of any of these clauses.

I have had more difficulty with the subject of the taxing power. Is the power exercised in the statute taxation? Is it uniform? The contention of the State is, that the statute is an exercise of the police power. If done to protect the public health, that is so; but was the legislature aiming to protect the public health? The act was passed in 1878,

and applied only to Anderson and Beaufort; and the articles to be removed were trash, trees, rafts and timber, and from *running* streams; and the service was to be done in March and September, and by *land-owners.* An amendment changed the time of service to May and August. Did the same conditions of health exist in Anderson and Beaufort at the same times; was it in accord with the laws of health to allow trash to remain in stagnant water, while directing its removal from running waters; did the laws of health demand that such service be done in March, May, August and September; if the public health demanded the services, why exact it of the owner instead of the tenant? The statute does not declare its purpose, and its terms negative the idea that the purpose was to preserve the public health. If not to preserve the public health, what object did the General Assembly have in view? From a history of the legislation, begun in 1878, and from a knowledge of current events, public in their nature, I do not doubt but that the statute was passed to preserve the lowlands of the country from overflow, and the ruin consequent therefrom. If that be so, can the statute be sustained? Running streams were located by natural laws. The public has an interest in them different from its interest in land. These streams passed along their way long before the proprietor acquired title to their banks. The owner of the banks is not permitted to *actively* obstruct the flow, to the damage of the proprietors above him or below him. Shall he be permitted to *passively* obstruct that flow? Not if this statute is effective. The right of the citizen to enjoy his property is not un-limited; he must enjoy it in such a manner as not to injure that of another. The General Assembly has the power to adjust these mutual rights; the exercise of it is sometimes called the police power, sometimes the taxing power, and sometimes the power of eminent domain.—See Cooley Const. Lim., page 741, *et seq.*; star pages 594-595. To secure the end in view, I think the General Assembly might levy a money tax on land-owners upon or near streams for

the purpose of clearing them out, or it might exact bodily service from them to do the same thing, in default of which it may prescribe a penalty. I have come to this conclusion after mature reflection. My opinion, therefore, is, that the cause be remanded to the magistrate for trial and judgment.

From this order defendants appeal.

*Messrs. Bonham & Watkins,* for appellants, cite: Rev. Stat., 1273, 1274; Con. 1868, sec. 1, art. IX.; Con. 1895, secs. 1 and 5, art X., sec. 6, art. 1, sec. 1, art. V., sec. 11, art. XVII.; 53 S. C., 283, 292.

*Messrs. Solicitor Ansel, Tribble & Prince,* and *J. E. Breazeale,* contra (oral arguments).

March 7, 1900. The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER. This is the second appeal in this case, the first being reported in 54 S. C., 251. Under that appeal it was adjudged that sections 1273 and 1274 of the Revised Statutes of 1893, are not in conflict with subdiv. 11 of sec. 34, art. III., of the present Constitution, nor are they repealed by subdiv. 3 of sec. 11, of art. XVII., of the Constitution of 1895. This was held upon the ground that these sections, having been enacted prior to the adoption of the present Constitution, which is not retroactive, are not affected by the provisions of the present Constitution forbidding local or special legislation, and that the provisions in sec. 11, art. XVII., only repeals the provisions of law inconsistent with the self-executing provisions of the Constitution. The case was, therefore, remanded to the magistrate for trial. At such trial the defendants moved to dismiss the case upon the ground that sections 1273 and 1274 of the Rev. Stat. of 1893 were in conflict with certain other provisions of the Constitutions of 1868 and 1895, not before passed upon. The motion was re-

fused, and thereupon defendants appealed to the Circuit
Court, where it was heard by his Honor, Judge Gage, who
rendered a decree (which should be incorporated in the
report of this case) dismissing the appeal and remanding
the case to the magistrate for trial. From this decree the
defendants have appealed to this Court upon the several
grounds set out in the record, which need not be reproduced
here, as they all raise the question of the constitutionality of
the section (1273 of Rev. Stat.) upon which the prosecution
is based.

The Circuit Judge holds that the legislation in question
cannot be supported as a legitimate exercise of the police
power, and there being no exception to such holding, and
no notice, as required by the rule, that respondent
will ask this Court to sustain the decree upon the
ground that the legislation in question is a legitimate
exercise of the police power, that question is not before us
and cannot, therefore, be considered. The only ground
upon which the Circuit Judge rests his conclusion that the
legislation assailed can be sustained, is that it may be re-
garded as a legitimate exercise of the power of taxation;
and to that question we will confine our attention. We do
not see how it is possible to regard the legislation contained
in sections 1273 and 1274 as an exercise of the power of
taxation. Those sections do not purport to impose any tax
upon either persons or property. Their language is as fol-
lows: "Section 1273. All land-owners of the Counties of
Anderson, Beaufort, Chester, Greenville, Oconee, Union,
Fairfield, Laurens, Newberry and Abbeville, shall remove
from the running streams of water upon their lands all
trash, trees, rafts and timber during the months of May and
August in each year, and in the Counties of Pickens, Spar-
tanburg and York, in the month of August of each year.
Section 1274. Any person convicted of violating the fore-
going section shall be deemed guilty of a misdemeanor, and
shall be punished by a fine of not less than five nor more
than fifty dollars, or be imprisoned not less than ten nor

more than thirty days, in the discretion of the Court before which the case may be tried." This language plainly imports nothing more than an intention to impose upon certain land-owners in the State the duty of performing a certain act, and to make a failure to perform such act a misdemeanor, punishable by fine or imprisonment. It has none of the features of a tax act. But even if these sections could be regarded as an attempt to exercise the power of taxation, then they conflict with that portion of section 1, of art. IX., of the Constitution of 1868, which was of force at the time these sections were adopted, by which the requirement is that "the General Assembly shall provide by law for a uniform and equal rate of assessment and taxation," &c., as well as with that portion of section 10, of art. X., of the present Constitution, which contains a similar requirement; for the tax (if it be a tax) is not uniform and equal, but applies only to certain land-owners in certain specified counties of the State. Besides, if the burden imposed upon the land-owners in the counties specified in the act could be regarded as a tax, then such tax would not be "equal" even among such land-owners; for it would be hardly probable—indeed, scarcely possible—that the same amount of time and labor would be required to remove from one running stream "all trash, rafts and timber" as would be required to clear out another running stream, even in the same county. Again, if the so-called tax is to be regarded as a tax on property, then the legislation in question is in conflict with sections 36, of art. I., sec. 33, of art. II., sec. 1, of art. IX., of the Constitution of 1868; as well as with sec. 6, of art. I., sec. 29, of art. III., and sec. 13, of art. X., of the Constitution of 1895, which provided that all property subject to taxation shall be taxed according to its actual value, as ascertained by an assessment made for the purpose; and no provision has been made for such assessment. But if it should be regarded as a tax upon persons, then, as we have seen, it is likewise unconstitutional, because not uniform and equal. If it should be said that this Court has

already, under the former appeal, decided that sections 1273 and 1274 are not in conflict with the Constitution, the answer is that this is a mistaken view of the former decision—*State* v. *Tucker,* 54 S. C., 251. Under that appeal, the only question of constitutionality which was presented to or considered by the Court was whether the legislation here in question was in conflict with sec. 34, of art. III., of the present Constitution, forbidding the enactment of local or special laws in certain cases, and the Court there held that the provisions of the present Constitution were not retroactive; and as the statutory provisions then in question had been enacted long before the adoption of the present Constitution, they could not be regarded as in conflict with sec. 34, of art. III., of the present Constitution; and that the provisions of subdiv. 3 of sec. 11, of art. XVII., of the present Constitution, could not be regarded as a repeal of secs. 1273 and 1274 of the Rev. Stat. of 1893, as that subdivision only repeals all laws inconsistent with the self-executing provisions of the Constitution of 1895. It is obvious, therefore, that the constitutional objections to the legislation in question which are now presented, were not presented to nor considered by this Court under the former appeal, and hence these questions are not concluded by the former decision. To show this, it is only necessary to refer to the case of *Whaley* v. *Gilliard,* 21 S. C., at pp. 573-577, and the authorities there cited.

We are, therefore, of opinion that the Circuit Judge erred in holding that the legislation in question could be supported as a legitimate exercise of the taxing power, for two reasons: 1st. Because such legislation does not purport to be, and cannot be regarded as, an exercise of the taxing power. 2d. Because if it could be so regarded, it is in conflict with the Constitution of 1868 as well as 1895.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, and the case remanded for such further proceedings as may be necessary.