6683

### STATE *EX REL.* WATTS v. CAIN.

1. MANDAMUS.—An action for mandamus to protect a private right may
   be brought in the name of the citizen, and if he sue in name of State
   without permission it may be treated as surplusage.
2. DISPENSARY LAW—COUNTY BOARD.—Under secs. 6 and 12 of the
   Carey-Cothran act (25 stat., 1), a county dispensary board is em-
   powered by implication to establish a bottling plant and to buy beer
   in bulk and bottle in its own plant for sale through the county
   dispensaries.
3. CONSTITUTIONAL LAW.—One deriving all his authority to do an act
   from a special statute will not be heard to say any part of the act is
   unconstitutional.

4. IBID.—PLEADINGS.—The question of the constitutionality of a statute not raised in a petition for mandamus will not be considered at instance of petitioner.

Petition in the original jurisdiction of this Court by H. E. Watts for mandamus against John J. Cain, B. M. English and G. W. Taylor, as the County Dispensary Board for Richland County. ·

*Messrs. Bellinger & Welch,* for petitioner.

*Messrs. Thomas & Thomas,* contra.

October 5, 1907. The opinion of the Court was delivered by

MR. JUSTICE JONES The petitioner applied in the original jurisdiction of this Court for a rule requiring respondents to show cause why they should not be perpetually enjoined from bottling beer for sale and maintaining an establishment for such bottling.

The respondents made answer to the rule issued and also submitted a demurrer to the petition for insufficiency. By an order, filed June 14, 1907, this Court dismissed the petition and the reasons therefore will now be briefly stated.

The answer raised a preliminary question, that the name of the State was used by the petitioner without the consent of the Attorney General or other competent authority, and that the proceeding is by the petitioner in his private capacity for the protection of a private right. In modern practice mandamus is not regarded as a prerogative writ running in the name of the sovereign but as ordinary process of the court available to any private citizen to protect a private right when it is an appropriate remedy. Therefore, the use of the name of the State in such cases is a mere form and may be treated as surplusage. *Lord* v. *Bates,* 48 S. C., 103, 26 S. E., 213; *Milster* v. *Spartanburg.* 68 S. C., 30, 46 S. E., 539.

The petitioner is maintaining a bottling establishment for all malt liquors in the county of Richland, having been licensed to do so under section 36 of the Carey-Cothran Dispensary Act, upon paying to the county dispensary board of said county the required license fee, March 8, 1907. The respondents constitute the county dispensary board for Richland County under said act, and conceiving they had authority to do so under sections 6 and 12 of said act, are now buying beer in bulk and causing the same to be bottled in a bottling plant which they have established for the purpose and are retailing the same through the county dispensaries of Richland County, claiming that in this way they can secure better beer at a lower price than if they should buy exclusively from the licensed bottlers, and can prevent a monopoly of the beer business by said licensed bottlers, but that they stand ready to purchase from the licensed bottlers whenever the quality of their beer and the prices quoted are such as to make it to the interest of the public that they should make such purchases.

The main question is whether sections 6 and 12 of the said act authorize respondents to maintain the bottling establishment. Section six authorizes the members of the county dispensary board to buy in any market and retail within the State liquors and beverages as provided herein. Section twelve provides: "The county dispensary board before permitting any dispenser to offer any liquor for sale shall cause the same to be put into packages of not less than one-half pint nor more than five gallons, and seal the same. The dispenser shall sell by the package only, and no person shall open the same or drink any of the contents on the premises."

The power to purchase liquors in bulk and to retail liquors through the county dispensaries is undoubtedly given, and we think it also clear that the power to cause the liquors to be put into certain packages and sealed necessarily involves the power to bottle the same through such agencies as they may deem best, and that the establishment of a bottling plant

of their own is not beyond the power granted in the act.    If the Legislature had intended that the liquors purchased in bulk by the board should be turned over to licensed bottlers to be put into packages required by law, other language would have been used.    To cause, according to the Century Dictionary, means "(1) to act as a cause or agent in producing; effect; bring about, be the occasion of; (2) to make; force; compel;" and according to Webster's International Dictionary, means: "To effect as an agent; to produce; to be the occasion of; to bring about; to bring into existence; to make."    The language is certainly broad enough to include the power to effect or bring about the bottling through appliances and instrumentalities under their direct supervision. If the power to establish a bottling plant is not expressly given, it is necessarily implied.

"Where a power is conferred by statute everything necessary to carry out the power and make it effectual and complete will be implied."    24 A. & E. Ency. Law, p. 614, and cases cited.    "What is implied in a statute is as much a part of it as what is expressed."    *Wilson* v. *National Bank of Nashville,* 103 U. S., 770.

The fact that this construction would authorize the board to compete with petitioner in the manner of bottling is not a fatal objection, although to the extent of the loss of the patronage of the board of Richland County the value of petitioner's license to him would be impaired.

While under section 36 of said act the petitioner became a licensee upon the payment of the annual license fee to the Richland county board, the license was not granted by the board but by the State under the statute, so that the same authority which licensed petitioner empowered the respondensts to bottle.    There being no exclusive grant to petitioner, such impairment of the value of his license as was incident to the exercise of the power conferred upon respondents is without remedy.    *City of Joplin* v. *Southwest Missouri Light Co.,* 191 U. S., 150; *North Springs Water Co.* v. *Tacoma,* 47 L. R. A., 214.

The respondents have argued that petitioner has no interest to make this controversy, because all the interest claimed arises under section 36 of said act, and that said section is not constitutional.  Respondents, however, derive all their authority under said statute, have no interest to be subserved by overthrowing it and cannot be heard to assail its constitutionality.  *Ex parte Florence School*, 43 S. C., 16, 20 S. E., 794; *Moore* v. *Napier*, 64 S. C., 564, 42 S. E., 997; *State* v. *Morris*, 67 S. C., 153, 45 S. E., 178.

The petitioner argues against the constitutionality of section 12 of said act in so far as it authorizes the board to bottle liquors, but the petition raises no question as to the constitutionality of the statute, and any discussion of that subject is unnecessary.  The Court will not pass upon the constitutionality of a statute unless it is necessary to the determination of the issues presented.  *Ex parte Florence School*, 43 S. C., 15, 20 S. E., 794.

Rule discharged and petition dismissed.