8879

CANNON v. COX.

(82 S. E. 399.)

LANDLORD AND TENANT. EXCESSIVE DISTRESS DAMAGES. RES JUDICATA.

1. There being testimony of plaintiff tending to show a reckless disregard of his rights by defendant in levying a distress warrant upon his household goods the cause of action for punitive damages, because of an unreasonable and excessive distress, was properly submitted to the jury.

2. A landlord taking possession of his tenant's property under a claim of distress for rent, and requiring the tenant to resort to claim and delivery to recover the property, is estopped from asserting that the distress was void or illegal.

3. A charge that the jury might infer wilfulness and wantonness from gross negligence not error where the jury were instructed that there is no wilfulness in the case and there can be no punitive damages unless the landlord had been so grossly negligent in keeping his accounts with the tenant that the law would impute wilfulness on account of such gross negligence in claiming an excessive amount due him as rent.

4. If a landlord was reckless in ascertaining the amount of rent due, and distrained for a larger sum than was due; such facts were admissible as tending to sustain claim for punitive damages.

5. The defense of *res judicata* comes too late, when not plead, and when presented to the Court for the first time on motion for a new trial.

6. A judgment on a different cause of action is not *res judicata* in a subsequent action where the issues involved in the second action were not necessarily involved, and were not actually litigated, in the first action.

Before RICE, J., Florence, April, 1913. Affirmed.

Action by Francis Cannon against G. O. Cox. From judgment for plaintiff, defendant appeals. The facts are stated in the opinion.

*Messrs. Willcox & Willcox, Henry E. Davis* and *S. M. Wetmore,* for appellant: *There was no actual levy of distress, as the goods were not removed before plaintiff replevied them in claim and delivery proceedings:* 3 McC. 38; 81 S. C. 220; 19 S. C. 200. *Gross negligence will not support punitive damages:* 60 S. C. 73; 65 S. C. 44. *Claim and delivery proceedings bar this action:* 42 S. C. 386-7; 42 S. C. 205; 72 S. C. 33; 81 S. C. 519; 57 S. C. 14; 71 S. C. 456, distinguished because prior to act of 1909.*

*Messrs. Gasque & Page,* for respondent, cite: *Excessive distress:* 24 Cyc. 1327, sec. 5. *Reckless disregard of plaintiff's rights:* 88 S. C. 7; 82 S. C. 456; Civil Code, sec. 3520. *Charge as to excessive distress:* 88 S. C. 368. *Joinder of claims for damages, under sec. 321, Code Civil Proc., is permissive, not mandatory:* 71 S. C. 420; 82 S. C. 456. *Res judicata:* 81 S. C. 516; 26 S. C. 173; 77 S. C. 494; 94 U. S. 195; Pom. Rem., sec. 804. *Defendant estopped to question legality of his distress proceedings:* 24 Cyc. 1314, 1324; 1293, sec. 8; 1294, sec. 10; 3 Hill 276; 7 Rich. 37. *Punitive damages:* 62 S. C. 380; 24 Cyc. 1328; 88 S. C. 368.

July 16, 1914.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

This is an action under section 3520, volume I, Code of Laws, 1912, to recover actual and punitive damages on account of an alleged unreasonable and excessive distress for rent made by the defendant on the goods of the plaintiff.

The jury rendered a verdict in favor of the plaintiff for $250.00, and the defendant appealed.

The first exception is as follows:

"His Honor erred, it is respectfully submitted, in refusing to grant defendant's motion for a nonsuit, on the cause of action based on wilfulness, made at the close of plaintiff's case, for the reasons stated in the ground for such motion, which was as follows:

'There is absolutely no proof of any wilful or wanton conduct on the part of the defendant.'"

The amount, for which the defendant distrained, was $17.00; and the description of the property distrained is as follows: One oak bedstead, one spring and mattress, one single bedstead, with mattress and spring, one bureau, one washstand, one trunk, one table, two rockers, four chairs, one lamp, one stove and utensils, and one wardrobe or sideboard.

The plaintiff thus testified as to the value of said property:

"Q. What were the goods worth, the actual worth, not what they were worth to you, but what were they worth? A. They were worth, at least estimation, $300.00. Q. Were they worth $100.00? A. Yes, sir. Q. It says one oak bedstead; what kind of a bedstead was that? A. Heavy rolled footbed, high head. Q. One spring and mattress, that belonged to that bed? A. Yes, sir. Q. One bureau; what kind of a bureau was that? A. I guess about 32 by 33 inches. Q. It belonged to the same set? A. Yes, sir. Q. One washstand? A. I guess 22 by 30 inches. Q. Belonged to the same set? A. Yes, sir. Q. Single bed, mattress and spring; what kind was that? A. Plain bed. Q. Oak bed? A. Yes, sir. Q. One trunk; what kind of a trunk was it? A. Ordinary trunk. Q. One table; what kind of a table was it? A. Round table. Q. Oak table? A. Yes, sir. Q. Two rockers? A. Oak. Q. Two oak rockers? A. Yes, sir. Q. What were they worth—actually worth? A. $3.00 each. Q. Four straight chairs? A. Oak chairs. Q. Split seat or cane seat? A. Cane seat. Q. One lamp; what was that lamp worth? A. $1.00. Q.

One safe and utensils?    A. $15.00.    Q. One wardrobe or
sideboard?  A. Sideboard.    Q. What was it worth?    A.
$12.00."

The plaintiff also testified as follows in regard to the
amount of the rent that was due when the distress was made:

"Q. Now, Cannon, at the time this distress warrant
was issued; the records show that the distress was, for
$17.00; did you or not owe him $17.00 at that time?    A. I
did not.    Q. What did you owe him?  A. $6.15.    Q. Did
you or not offer to pay the defendant any amount you might
owe him if he would go with you to your attorney and check
up your receipts?    A. Yes, sir; I would settle according to
his accounts, and otherwise I wouldn't, because he could
beat me in figuring, and I wouldn't trust a receipt in his
hand."

After the property was distrained the plaintiff brought an
action in claim and delivery, and the defendant thus testi-
fied as to what took place upon the trial of that case:

"Q. At that time he produced certain receipts which you
didn't have a record of, and those were credited on the
account?    A. Yes, sir.    Q. State whether or not that
reduced the amount to $6.15?    A. Yes, sir."

There was testimony contradicting the plaintiff, both as to
the value of the property and as to what took place between
him and the defendant in regard to the amount due.

If the jury believed the testimony of the plaintiff it was
sufficient to show a reckless disregard of his rights by the
defendant.

This exception is overruled.

*Second Exception:*

"His Honor erred, it is respectfully submitted, in refusing
to direct a verdict in favor of the defendant upon the
grounds stated in support of said motion, which were as
follows:

'There is no proof of wanton or wilful conduct on the part
of the defendant.'

"There never was any distress for rent, upon which to base the cause of action, and there cannot be any cause of action based on an illegal distress.' "

The first ground has already been disposed of, and we proceed to the consideration of the second.

One of the allegations of the plaintiff's complaint, in the action for claim and delivery hereinbefore mentioned was, that the defendant had distrained for more rent than was due him. After taking possession of the property under a distress warrant and requiring the plaintiff to resort to an action in claim and delivery to recover possession of his property the defendant is estopped from interposing the objection that his action was illegal.

If the levy was unreasonable and excessive the defendant was a trespasser *ab initio*. *Lander* v. *Ware,* 1 Strob. 15.

This exception is overruled.

*Third Exception:*

"His Honor erred, it is respectfully submitted, in giving the jury this charge:

'If a man sets up a claim for a good deal more rent than he knows is owing him, and levies a distress warrant for this rent, he is liable not only for actual damages, but for punitive damages also, because he knows he is doing wrong. But if a man is honest in his belief that the tenant owes him this money, and unless he has been grossly negligent, in keeping his accounts with the tenant, so much so that the law would impute wilfulness, on account of that gross negligence, then if he claims more than is due him, there is no wilfulness in the case, and there can be no punitive damages. It is for the jury to say, whether or not in any particular case, where a man makes a claim for more than is due him, and makes a distress for more than is due him, whether he ought to have known that he was claiming more than was due him. Or the jury can say whether he was grossly negligent in keeping his account with the tenant, and if he was grossly negligent and claims more than was due him, and

makes a levy on the goods and chattels of his tenant, then, from that gross negligence, wilfulness and wantonness might be inferred.'

The error being: (a) That he thereby charged the jury that they might give punitive damages for gross negligence, and (b) that gross negligence in keeping an account can not be of such a character as to indicate recklessness, and thus afford a basis for punitive damages."

We proceed to the consideration of assignment of error: *(a)* His Honor did not charge the jury, simply, that they might give punitive damages against the defendant for gross negligence in keeping his accounts with the tenant, but charged that the defendant would not be liable for punitive damages, unless he has been grossly negligent, so much *"so that the law would impute wilfulness on account of that gross negligence."* As thus explained or qualified, the charge was free from error.

*Assignment of Error: (b)* It must be remembered, that this is not an action for negligence in keeping an account, but for an unreasonable and excessive distress, in which the amount that was due for rent was an exceedingly important element. If the defendant was reckless in ascertaining the amount that was due, and he distrained for a larger sum than was due, such fact was admissible to sustain the allegation for punitive damages.

This exception is overruled.

There was no exception numbered IV, and the one numbered V was abandoned.

*Sixth Exception:*

"His Honor erred, it is respectfully submitted, in refusing defendant's motion for a new trial, for the reasons set forth in the grounds for said motion, which were as follows:

'*First:* Because the plaintiff is barred and estopped from maintaining this action, by the judgment rendered in the claim and delivery suit, instituted by him against this defendant in the magistrate's Court in Florence county,

which judgment is pleaded in paragraph seven of the complaint, and was introduced in evidence in the trial of this cause, in that the parties to both suits are the same, the subject matter is the same, and the question litigated in the present case was either litigated or could have been litigated in the said suit in the magistrate's Court.

'*Second:* Because the defendant could not be held liable for an unreasonable and excessive distress, when the entire proof showed that there had never been any legal distress of the plaintiff's goods by the bailiff taking them out of the possession of the plaintiff and actually impounding them.

'*Third:* Because the verdict is manifestly for punitive damages, and there was no proof of any wilfulness or wantonness on the part of the defendant upon which such damages could be based.

'*Fourth:* Because there was no proof of an unreasonable and excessive distress.' "

We proceed to consider the first assignment of error.

His Honor, the Circuit Judge, in refusing the motion for a new trial said: "The first ground raises the point of '*res judicata.*' My recollection of the trial is, that this defense was never raised or brought to the attention of the Court, at any stage of the trial, but is presented here for the first time. It appears to me, therefore, that it comes too late.

"On the trial the plaintiff introduced in evidence the record of an action of claim and delivery, instituted by the above named plaintiff against the defendant for the recovery of the possession of the chattels distressed, and for which distress the above stated action was brought. The defendant now claims that the plaintiff could have presented in the magistrate's Court in that action her demand for damages, and, not having done so, the question of damages for any unreasonable or excessive distress on that occasion is *res judicata,* and cannot again be litigated.

"I think, that upon consideration of the principles announced in *Hart* v. *Bates,* 17 S. C. 40; *Kirven* v. *Va. Car Chem. Co.,* 77 S. C. 493; 58 S. E. 424, and *Cromwell* v. *Sac Co.,* 94 U. S. 351, and their application to the facts in this case, the defense of *res judicata* cannot avail the defendant, even if interposed in time.".

The reasons stated by his Honor, the Circuit Judge, are satisfactory to this Court.

There is only one authority which should be added, to wit: *Kirven* v. *Car. Chem. Co.,* 215 U. S. 252; 30 Sup. Ct. Rep. 78; 54 L. Ed. 179.

The second assignment of error can not be sustained, for the reasons stated in considering the second exception.

What has already been said disposes of the third and fourth assignments of error.

Judgment affirmed.