The decree of the Court below follows:
This action has been brought by the plaintiffs herein, as citizens and taxpayers of the city of Greenville, in behalf of themselves and all other citizens and taxpayers of said city, to declare the act under which the defendants, the fire commissioners of said city, claim authority to act, as unconstitutional, upon the grounds set forth in said petition, and to permanently enjoin said board of fire commissioners and the members thereof from attempting to exercise any authority *Page 544 
in matter of purchasing supplies and equipment for the fire department of said city.
Upon the verified petition of the petitioners, Chief Justice Gary issued an order requiring the defendants to show cause before him at Abbeville, S.C. on March 12, 1919, why the prayer of the petition should not be granted. The defendants made return to said rule to show cause, the city of Greenville admitting the allegations of the petition, and joining in the prayer thereof, and upon the hearing of the case Chief Justice Gary granted a temporary injunction until the case could be heard on its merits. Subsequent thereto the defendants, the fire commissioners of the city of Greenville, amended their return, and asked that the city council of Greenville be also enjoined until the case could be heard upon its merits, and by consent of the attorneys an order was granted by Chief Justice Gary also enjoining the said city council from exercising any control over the fire department or purchasing any supplies and equipment for the fire department until the further order of the Court.
The plaintiffs have demurred to the return or answer of the board of fire commissioners "upon the ground that it appears from the face of said answer that it does not constitute a defense to the cause of action set up in the complaint, in that it admits all material facts set up in the complaint, and in that the new matter alleged in said answer does not constitute a defense, and it follows that, as a matter of law, the plaintiffs are entitled to the relief demanded," and further, that said answer is frivolous, and prays for judgment thereon.
The case is, therefore, before me for a decision of the questions involved. The facts may be stated briefly, as follows: The city of Greenville was chartered under an act approved December 22, 1885 (19 St. at Large, p. 106); it being declared in said act that the charter should continue for a period of 21 years and until the end of the next ensuing *Page 545 
session of the General Assembly. Section 15 of this act gave the city council full authority to organize, equip, and control the fire department. By an act of February 16, 1903 (24 St. at Large, p. 242), there was created for the city of Greenville a board of fire commissioners, with authority to purchase all material and supplies for the fire department of said city. In February, 1907, after the expiration of the said special charter, the city of Greenville was rechartered under the general law as contained in the Code of Laws of 1912 as a city of more than 5,000 inhabitants. A controversy arose in the early part of 1918 between the city council and the board of fire commissioners as to the purchase of a pumping engine. The fire commissioners recommended the purchase of a La France fire engine, and the city council decided to purchase a Seagrave fire engine. Thereupon a suit was brought by one J.N. Stewart against the city council to enjoin them from purchasing a Seagrave fire engine, and to construe the act of 1903, under which said board of fire commissioners was created. Judge Wilson construed said act, and held that the fire commissioners were vested with full power to purchase equipment and supplies, and enjoined said city council from purchasing the Seagrave fire engine, and based that injunction upon the construction of the statute. The constitutionality of the statute was not raised by the pleadings in the case, and the Court in no wise undertook to pass upon the constitutionality of the statute. The defendants, the fire commissioners, are now contending that the judgment in the case of Stewartv. The City of Greenville is res judicata, and that said judgment precludes the plaintiffs herein from making any constitutional objections to the act of 1903 under which said board of fire commissioners was created.
The first question that I shall pass upon is the question of res judicata. It is a familiar principle that, where legal proceedings involve rights claimed under a statute, the Court will not consider the question as to whether the statute is *Page 546 
constitutional unless such question is clearly made by the pleadings. It necessarily follows, therefore, that no judgment involving merely the construction of a statute will be regarded as determining the constitutionality of the statute. In order that there should be an adjudication touching the constitutionality of a statute, that question must be clearly raised and decided by the Court. It is also well settled that a judgment in a case questioning the constitutionality of a statute upon one ground will not adjudicate the question as to whether the statute is unconstitutional upon a different ground. The following authorities sustain these propositions: 23 Cyc. 1230; Cromwell v. County of Sac, 94 U.S. 351,24 L.Ed. 195; W. W.R.R. v. Alsbrook, 146 U.S. 279,13 Sup. Ct. 72, 36 L.Ed. 972; Nesbitt v. RiversideIndependent District, 144 U.S. 610, 12 Sup. Ct. 746,36 L.Ed. 562; Douglass v. County of Pike, 101 U.S. 677,25 L.Ed. 968; Whaley v. Gaillard, 21 S.C. 575; Hart v. Bates,17 S.C. 35; Anderson v. Cave, 49 S.C. 505, 27 S.E. 478;State v. Tucker, 56 S.C. 516, 35 S.E. 215; Ex parte FlorenceSchool, 43 S.C. 15, 20 S.E. 794; State v. Cain, 78 S.C. 352,58 S.E. 937; Cannon v. Cox, 98 S.C. 185,82 S.E. 399; Kirven v. V.C. Chem. Co., 77 S.C. 493, 58 S.E. 424;Id., 215 U.S. 252, 30 Sup. Ct. 78, 54 L.Ed. 179; Board ofCommissioners v. Union Bank, 37 C.C.A. 493, 96 Fed. 293; Board of Commissioners v. Sutliff, 38 C.C.A. 167, 97 Fed. 270.
In State v. Tucker, supra, quoting from the syllabus, it is held: "An adjudication in one appeal of one constitutional objection to a statute does not preclude the same party from making another constitutional objection to the same statute on a subsequent appeal."
"A judgment on a different cause of action is not resjudicata in a subsequent action where the issues involved in the second action were not necessarily involved, and were not actually litigated, in the first action." Cannon v. Cox,supra. To the same effect, see Whaley v. Gaillard, supra. *Page 547 
In the case of Ex parte Florence School, supra, it was held the Court will never "pass upon the constitutionality of an act of the legislature * * * unless it is necessary to the determination of the case in which such a question is presented.
Judge Wilson, in the case of Stewart v. City Council, did not attempt to pass upon the constitutionality of the act of 1903, which was before him, for the question of the constitutionality of the act was not necessarily involved. It was merely a question under the provisions of the act as to who had the power to purchase the equipment for the fire department. The constitutionality of the act not having been raised or decided in the Stewart case, I am of the opinion that the judgment of Judge Wilson is not res judicata as to the questions raised in this case.
The other question to be determined is as to whether the act of February 16, 1903, under which the board of fire commissioners of the city of Greenville was created, contravenes section 1 of article VIII of the Constitution of 1895, which is as follows: "The General Assembly shall provide by general laws for the organization and classification of municipal corporations. The powers of each class shall be defined so that no such corporation shall have any powers or be subject to any restrictions other than all corporations of the same class. Cities and towns now existing under special charters may reorganize under the general laws of the State, and when so reorganized their special charters shall cease and determine."
The statute in question applies only to Greenville, and the restrictions therein put upon Greenville are not placed upon other municipal corporations in the same class, which is plainly violative of the Constitution as special legislation.Carroll v. Town of York, 109 S.C. 1, 95 S.E. 121; ParisMt. Water Co. v. City of Greenville, 105 S.C. 180,89 S.E. 669. By the express terms of the Constitution, the special charter of the city of Greenville ceased and determined upon *Page 548 
its reorganization under the general laws. The city of Greenville was organized as a city of more than 5,000 inhabitants under article III of the Code of Laws, section 2924, et seq.
Article IV of the Code of Laws contains provisions common to all cities and towns containing more than one thousand inhabitants. By section 2952 of the Code of Laws it is provided: "The said (city) council shall have power and authority to equip and control a fire department for the protection of said city in such way as they may deem necessary." It is manifest that by the Constitution it was intended that the cities organized under the Constitution and laws passed in pursuance thereof should possess only those powers and be subject to those restrictions applicable to all other cities of the same class. It is equally manifest that by the general law passed in pursuance of the Constitution it was intended that the city councils of all cities having more than 1,000 inhabitants should have the control of the fire department and the authority to equip the same.
The control of the fire department, then, by the board of fire commissioners after the reincorporation of the city of Greenville under the general law passed in pursuance of the Constitution is utterly inconsistent with the constitutional provision and the express terms of the statute.
The act of 1903 creating a board of fire commissioners for the city of Greenville and conferring upon that board authority to control and equip the fire department under the principle recognized by all Courts is to be regarded as in the nature of an amendment to the special legislative city charter, and, as such, the powers of the board of fire commissioners ceased with the expiration of the city charter. This act does not by its terms amend the act of 1885, but it operates to do so.
"The true view of the legislation to which we have referred, considered as a whole, is that the statutes authorizing towns and cities to contract to pay money at a time *Page 549 
beyond the original charter life are to be construed as legislative amendments of the original charters." Black v. Fishburne,84 S.C. 451, 66 S.E. 681, 19 Ann. Cas. 1104.
"If independent acts relate to the rights, powers, duties, and obligations of the city, they are to be regarded as parts of the city charter." State v. Ermentraut, 63 Minn. 104, 65 N.W., at page 253.
In City of Rochester v. Briggs, 50 N.Y. 553, the Court, speaking of the charter of the city of Rochester, said: "The charter, as it is called, consists of the creative act and all laws in force relating to the corporation, whether in defining its powers or regulating their mode of exercise." And, again, the Court in the same case said: "A city charter embraces many minor subjects, and yet they are all embraced in the general subject of the charter or corporation."
"In order that a law may operate as an amendment to a municipal charter, it is not necessary that it shall specify that it is an amendment thereto, but it is sufficient that the provisions affect the corporation in its governmental capacity." 20 A. E., p. 1139; 28 Cyc. 240n; City Council v.Walker, 154 Ala. 242, 45 So. 586, 129 Am. St. Rep. 54;City of Rochester v. Briggs, 50 N.Y. 553.
It has been suggested by counsel that, if this act is unconstitutional, certain other acts affecting Greenville are invalid. This may or may not be true, but the Court cannot take these matters into consideration until properly presented, and the fact, if it be a fact, that they are unconstitutional, can have no effect in determining the validity of this statute.
I have, therefore, reached the conclusion that the act of February 16, 1903, creating a board of fire commissioners for the city of Greenville was in the nature of an amendment to the city charter; that this statute created a special provision, applicable only to the city of Greenville, and is, therefore, special legislation, and violative of section 1 of article VIII of the Constitution of 1895; that when the city of Greenville was reorganized in February, 1907, under the *Page 550 
general laws of the State, the charter under which the city of Greenville had been operating, together with the special provision contained in the act of 1903, creating the board of fire commissioners, thereupon created and determined under the express provisions of the Constitution, and since that time the board of fire commissioners have been de facto
officers, and not de jure. The city council now has full power and authority under the general laws, as contained in section 2952, Code of 1912, to control and equip the fire department.
It is, therefore, ordered and adjudged: That the demurrer to the answer of the board of fire commissioners be, and the same is hereby, sustained, and the act under which the board of fire commissioners for the city of Greenville was created be, and the same is hereby, declared unconstitutional, null, and void, and the board of fire commissioners of said city, and the members thereof, are permanently enjoined from exercising any control over the fire department, or attempting in any manner to purchase supplies and equipment for the fire department of said city, and that the temporary restraining order granted by Chief Justice Gary on March 28, 1919, enjoining and restraining the mayor and city council from doing any act toward the control of the fire department of said city, or toward the selection of fire equipment or apparatus, be, and the same is hereby, vacated and dissolved.
March 29, 1920. The opinion of the Court was delivered by
Plaintiffs in behalf of themselves and all other citizens and taxpayers of the city of Greenville, brought this action, on March 4, 1919, against the city council and the board of fire commissioners of said city, to enjoin said board from attempting to exercise any authority in the matter of purchasing *Page 551 
supplies and equipment for the fire department of said city.
Plaintiffs allege that the act of 1903 under which the board claims authority in the premises was superseded by the reincorporation of the city under the general law in 1907, and, if said act was not so superseded, that it contravenes section 1, art. VIII, of the Constitution. On the verified complaint, a rule to show cause and temporary restraining order was issued against the board. The city council answered and joined with plaintiffs in their contention and prayed for injunction. The board of fire commissioners contested plaintiffs' grounds, and set up the defense of res adjudicata
in bar of this action, to wit, the judgment in Stewart v. CityCouncil, hereinafter mentioned. On hearing the answers, on motion of the board of fire commissioners, the city council was also enjoined pendente lite from exercising the authority in question. Thereafter, by consent of all parties, an order was passed modifying the previous orders, so that a committee of citizens should select and purchase the necessary apparatus, and the council should secure the funds and make the necessary appropriation to pay for same.
The facts out of which the issues arise are: The city was chartered under an act approved December 22, 1885, for the period of 21 years, and until the end of the next ensuing session of the legislature. Section 15 of that act gave the city council authority over the fire department. By an act approved February 16, 1903 (24 Stat. 242), provision was made for a board of fire commissioners, with authority,inter alia, to purchase supplies for the fire department.
The Constitution of 1895 (article VII, section 1) provides:
"The General Assembly shall provide by general laws for the organization and classification of municipal corporations. The powers of each class shall be defined so that no such corporation shall have any powers or be subject to any *Page 552 
restrictions other than all corporations of the same class. Cities and towns now existing under special charters may reorganize under the general laws of the State, and when so reorganized their special charters shall cease and determine."
In February, 1907, the city was rechartered under the general laws (enacted pursuant to the provision of the Constitution above quoted) found in chapter 48, vol. I, Civil Code 1912, section 2952 of which gives the city council power and authority to equip and control the fire department.
In the early part of 1918 a controversy arose between the city council and the board of fire commissioners as to which body had the right to purchase supplies for the fire department; and a suit was brought by J.N. Stewart, a citizen and taxpayer of the city, against the city council to have the Court construe the act of 1903, under which the board was created, and determine, upon construction thereof, whether the authority to purchase supplies for the fire department was vested in the board of fire commissioners or in the council. Stewart concluded that the power was vested in said board, and prayed that the council be enjoined from exercising it, and his contention was sustained, and the council were accordingly enjoined. From that order there was no appeal, and that is the judgment which was pleaded in bar of this action.
The Circuit Court overruled the defense of res adjudicata
on the ground that the only issue made and decided in Stewart's case was whether, upon proper construction of the act of 1903, the authority to purchase was in the council or in the board of fire commissioners, and that the grounds made by these plaintiffs were neither raised nor decided in that case; and the Court sustained plaintiffs' contentions as to the act, and granted the injunction prayed for.
The record in Stewart v. City Council is not before us. *Page 553 
We assume that it shows what the Circuit Court says it does. That being so, the Court was right in holding that it does not bar this action. The authorities cited by the Court in its opinion, which are recited in respondents' brief, sustain the conclusions reached.
We agree with the Circuit Court, also, in sustaining plaintiffs' contentions as to the act of 1903. Clearly the reincorporation of the city under the general law had the effect of superseding its old charter and the act of 1903 along with it, since that act, in contemplation of law, amounted only to an amendment of the old charter. To hold otherwise would bring the act of 1903 in conflict with section 1 of article VIII of the Constitution. These conclusions are also sustained by the authorities cited by respondents.
Judgment affirmed.