IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY,

### AT NOVEMBER TERM, 1872.

---

### VREELAND v. BEEKMAN.

A general averment of the performance, on the part of the plaintiff, of the terms of a contract, requiring him to perform conditions precedent, is sufficient, by virtue of the twenty-fifth section of the supplement to the practice act.

---

In covenant. On demurrer to declaration.

Argued at June Term, 1872, before BEASLEY, Chief Justice, and Justices BEDLE, WOODHULL and SCUDDER.

For the plaintiff, *A. K. Brown.*

For the defendant, *Gaston* and *Bergen.*

The opinion of the court was delivered by
BEASLEY, CHIEF JUSTICE. This is an action of covenant, on an agreement for the exchange of lands. The declaration is demurred to, on the ground that it does not show, by special averment, a performance, or a readiness to perform, on the side of the plaintiff. The allegation in this respect, in the

declaration, is the common formula, that the plaintiff hath well and truly performed, fulfilled and kept, all things in the said agreement contained, on his part and behalf to be performed, fulfilled and kept, according, &c.

The covenant alleged to have been broken, is obviously a dependent one. It is that the defendant did not convey his lands to the plaintiff; this he was not called upon to do, unless, at the time specified, the plaintiff was ready to deliver a conveyance on his side. These were mutual covenants, constituting the whole consideration on both sides, and, hence, they were mutual conditions, the one precedent to the other; so that, according to the ordinary rules of pleading, it was necessary for the plaintiff to show a particular performance of such conditions on his part. A mere averment of performance was not sufficient, but he was bound to set forth the facts, so that the court could see that, in point of law, he had complied with his agreement. With respect to this matter, the usual forms of pleading and the authorities, are undeniably clear. 1 *Chitty's Pl.* 349; 2 *Ib.* 554, 555; *Egbert* v. *Chew*, 2 *Green* 446; *Ackley* v. *Elwell*, 5 *Halst.* 304.

Consequently, if the test of this issue were the ordinary rules of pleading, this demurrer would have been sustained. But there is a circumstance which appears to have escaped the attention of counsel. A new rule, with respect to this subject, has been established in this state by statute. Section twenty-five of the act to simplify the pleadings and practice of the courts of law, and which is a transcript of 15 and 16 *Vict., ch.* 76, § 57, enacts in these words, viz. "It shall be lawful for the plaintiff or defendant, in any action, to aver performance of conditions precedent generally, and the opposite party shall not deny such averment generally, but shall specify, in his pleading, the condition precedent, the performance of which he intends to contest."

The object of this provision seems to be to facilitate the pleading by relieving the plaintiff from the burthen of a circumstantial statement of his performance of conditions precedent, which, on many occasions, are not the subjects of

dispute. In lieu, therefore, of those particular statements of facts showing a performance, which, at common law, were requisite, this section authorizes a general averment to that effect, leaving it for the defendant to specify the particular condition precedent, the performance of which he intends to controvert.

This provision is directly applicable in the present case, and legalizes the declaration in the point, with respect to which objection is taken.

The plaintiff must have judgment.