## WAKEMAN v. ILLINGSWORTH.

1. The acts of 1871 and 1875, (*Rev.*, p. 380, § 16; p. 387, § 52,) the first of which permits fraud in the consideration of a sealed instrument to be set up as a defence, and the second makes a seal presumptive evidence only of the consideration of a contract under seal, put contracts under seal on the same footing as contracts not under seal, with respect to the method of making the defence of an infirmity in the consideration, except that there cannot be recoupment in actions on sealed instruments.

2. In an action on a bond given for the purchase money of lands conveyed, the defendant may show in reduction of the sum recoverable, that the premises were falsely and fraudulently represented to be different from what they in fact were, and may obtain an abatement of the contract price to the extent of the difference between their value as they were and the value they would have had if they had been as represented; but such defence will not be allowed to answer the purposes of a cross action for the recovery of other damages which are merely consequential.

3. In an action on a bond given for the difference in an exchange of lands, a defence that the plaintiff fraudulently represented that he had paid a greater price for the premises exchanged than in fact he had given, and that he had put certain improvements on them after he bought, which in fact had been put on them by former owners, is inadmissible. The fraud complained of did not relate to matters of fact that entered into the intrinsic value of the property; if the defendant has any remedy for the fraud he must obtain it by an action for deceit.

On rule to show cause.

Argued at June Term 1878, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, SCUDDER and KNAPP.

For the plaintiff, *F. M. Tichenor*.

*Contra, D. A. Ryerson.*

. The opinion of the court was delivered by

DEPUE, J.   The plaintiff's action was founded on a bond for $7000, which was accompanied by a mortgage, and was given by the defendant to the plaintiff as the difference in exchange of lands.

The defence was that in the negotiations for the exchange the plaintiff had represented that he had paid for his property the sum of $50,000, and had expended from $8000 to $10,000 in improvements on the house; that this outlay had been made by him in putting in plate glass in front, and marble mantels, and in frescoing the parlor and dining room, and altering the front doors.   The defendant testified that he was induced to make the exchange by the statement of the consideration in the plaintiff's deed, and the fact that he had expended so much in improvements after he purchased.

It was proved in the case that the plate glass windows and the marble mantels had been put in, and the frescoing done by former owners before the plaintiff purchased, and that the plaintiff obtained title to the premises in the course of an exchange in which the property was put in at a valuation of $35,000—the consideration ($50,000) named in his deed being a nominal consideration inserted at his request.

The evidence being in, the defence was overruled by the court.

Before the recent statutes of 1871 and 1875 (*Rev., p.* 380, § 16; *p.* 387, § 52,) a defence of fraud, or the want or failure of consideration in a sealed instrument, was inadmissible in an action at law.   By the first mentioned of these acts, fraud, in the consideration of a contract under seal, is allowed to be set up as a defence, as fully, and to all intents and purposes as if

the instrument were not under seal; by the second it was en-
acted that a seal should only be presumptive evidence of con-
sideration, to be rebutted by proof, the same as if the instru-
ment was not sealed.  By force of these two acts, contracts
under seal, with respect to the method of making the defence
of an infirmity in the consideration, arising either from fraud,
or the want or failure of consideration, are put on the same
footing as contracts in writing not under seal, (*Lord* v. *Brook-
field*, 8 *Vroom* 552,) except that there cannot be recoupment
in actions on sealed instruments.   *Price's Ex'rs* v. *Reynolds*,
10 *Vroom* 171.

In an action for the price of goods sold and delivered under
a special contract in parol, the defendant may show in reduc-
tion of damages that the goods sold were not such as con-
tracted for; that they were sold under a warranty to which
they did not conform, or were falsely and fraudulently repre-
sented to be otherwise than they in fact were.  The theory of
a defence of this nature is that pointed out by the Chief Justice
in Bouker *v.* Randles, "a partial failure of consideration,
which, though indefinite in amount, is, as far as it goes, a legal
defence."   And the allowance to the defendant on a successful
defence is an abatement of the contract price to the extent to
which the consideration has failed, and is represented by the
difference between the value of the article delivered and the
value it would have had if it had corresponded with the con-
tract.   1 *Chitty on Contracts* 652 (11*th Am. Ed.*); 2 *Smith's
Leading Cases* 17, *notes to Cutter* v. *Powell; Bouker* v.
*Randles*, 2 *Vroom* 332; *Wyckoff* v. *Runyon*, 4 *Vroom* 107.
The whole object intended to be effected by allowing such a
defence is to arrive at the real value of the article furnished,
and it cannot be allowed to answer the purposes of a cross
action beyond this; nor to serve the purpose of the recovery
of other damages which are merely consequential; as for
instance the loss of a bargain for the re sale of the goods, or
the expenses of repairs made necessary because of the failure
to build a vessel according to the specifications.   *Mayne on*

*Damages* 66; 1 *Chitty on Contracts* 652; *Benjamin on Sales* 684; *Clare* v. *Maynard*, 6 *A. & E.* 519; *Mondel* v. *Steele*, 8 *M. & W.* 858; *Rigge* v. *Burbidge*, 15 *M. & W.* 598.

I consider the law as settled in this state by long and uniform practice, that in an action on a contract of sale resting in parol, or on a note given on such a consideration, the defence is limited to matters which question merely the value of the consideration, except so far as the rule has been modified by the section of the practice act, which permits in certain cases, the recoupment of damages in actions on contracts not under seal. *Rev., p.* 868, § 129.

In the present case, the defence proposed disclosed no imperfection or infirmity in the consideration of the obligation sued on. The defendant obtained, in fact, exactly what he bargained for, and the property he acquired in the exchange was of precisely the same value, whether the improvements had been put on it at the cost of the plaintiff, or of a prior owner. His complaint is that he was induced to consummate the exchange by untrue statements which influenced his judgment as to the value of the property. The contract was executed by the delivery of the deed, and the defendant has taken no steps towards a rescission. His effort is to have the consequential damages resulting from the fraud complained of, allowed to him in this action. This is recoupment. It was so considered in the case cited, and mainly relied on at the argument. *Van Epps* v. *Harrison*, 5 *Hill* 63. And recoupment is not allowed in this state on obligations of the class sued on. *Prices Ex'rs* v. *Reynolds, supra.* The fraud complained of did not relate to matters of fact that in the remotest degree entered into the intrinsic value of the property in question.

The remedy of the defendant, if any, is by an action on the case for deceit. The damages recoverable in that action are not graduated on a mere comparison of values. A plaintiff suing for deceit will be allowed to recover as consequential damages the entire loss sustained by him in the transaction into which he has been inveigled by the fraud of the defendant, and which may be presumed to have been in the contem-

plation of the defendant at the time of the commission of the fraud.   *Crater* v. *Binninger,* 4 *Vroom* 513.

It must not, however, be assumed from what has been said that we think the representations relied on in this case are sufficient to support an action for deceit.   That question has not been considered.

The defence was properly overruled, and the rule to show cause should be discharged.