## VIRGINIA–CAROLINA CHEMICAL COMPANY *v.* KIRVEN.

### ERROR TO THE SUPREME. COURT OF THE STATE OF SOUTH CAROLINA.

No. 18.   Argued November 2, 1909.—Decided December 6, 1909.

The claim of plaintiff in error that proper and full credit was not given to a judgment in the Federal court, if seasonably made, raises a Federal question and if the decision of the state court is in effect against such claim this court has jurisdiction.

While the bar of a judgment in another action for the same claim or demand between the same parties extends to not only what was, but what might have been, pleaded or litigated in the first action, if the second action is upon a different claim or demand the bar of the first judgment is limited to that which was actually litigated.

Under § 914, Rev. Stat., requiring the practice in the Federal courts to conform as near as may be to the practice in the state courts, the defendant in an action in the United States Circuit Court in South Carolina is not required to plead all counterclaims and offsets as the state courts have not so construed the provisions of §§ 170, 171 of the Code of Procedure of that State.

When the question is the effect which should have been given by the state court to a judgment of the United States Circuit Court, this court is not concerned with the extent to which the state court may have subsequently modified its view if it has not questioned the correctness of its decision in the case at bar.

77 So. Car. 493, affirmed.

THE facts are stated in the opinion.

*Mr. P. A. Willcox* and *Mr. Frederic D. McKenney*, with whom *Mr. F. L. Willcox* and *Mr. Henry E. Davis* were on the brief, for plaintiff in error:

The question litigated in the present suit was rendered *res judicata* by the judgment in the Federal court as it was matter that should have been set up as counterclaim. Such is the rule in South Carolina, §§ 170, 171, Code of Procedure, and under § 914, Rev. Stat., the practice of the Federal

courts must conform thereto. See Simonton, Fed. Courts, §§ 106, 152, 157; *Haygood* v. *Boney,* 43 S. Car. 63; *Schunk* v. *Moline,* 147 U. S. 500; *Pickham* v. *Manufacturing Co.,* 77 Fed. Rep. 663; *Turner* v. *Association,* 101 Fed. Rep. 308; *Partridge* v. *Insurance Co.,* 15 Wall. 573; 1 Van Fleet on Former Adjudication, §§ 168, 172; 23 Cyc. 1202; Black on Judgments, § 767.

Where a party has an opportunity to litigate an issue in defense and fails to do so the judgment shuts off that defense, and if the same issues are being litigated in two courts, the first final judgment will render the issues *res judicata* in the other court. *Boatmen's Bank* v. *Fritzlein,* 135 Fed. Rep. 650; 24 Am. & Eng. Ency., 2d ed., 833; 17 Ency. of P. & P. 265.

In determining the question of *res judicata* of an issue by judgment in the Federal court this court will be governed by its own decisions and not by those of the courts of the State. The right given by a judgment in the Federal court is one arising under the Constitution and cannot be taken away by the State, and this court has jurisdiction. *Crescent City Co.* v. *Butchers' Union,* 120 U. S. 141; *Pittsburg R. R. Co.* v. *Long Island Trust Co.,* 172 U. S. 493; *Dowell* v. *Applegate,* 152 U. S. 327; *Werlein* v. *New Orleans,* 177 U. S. 390; *National Foundry* v. *Supply Co.,* 183 U. S. 216; *Cromwell* v. *Sac County,* 94 U. S. 351.

The estoppel resulting from the thing adjudged does not depend on whether there is the same demand but on whether the second demand has been previously concluded by judgment between the same parties. *New Orleans* v. *Citizens' Bank,* 167 U. S. 371, 396; *Supply Co.* v. *Mobile,* 186 U. S. 212, 217; *Bank* v. *Frankfort,* 191 U. S. 499; *Fayerweather* v. *Ritch,* 195 U. S. 276, 301; *Gunter* v. *Atlantic Coast Line,* 200 U. S. 273, 290; *United States* v. *California & Oregon Land Co.,* 192 U. S. 355; *Northern Pac. Ry. Co.* v. *Slaght,* 205 U. S. 122; *Stockton* v. *Ford,* 18 How. 418; *Northern Pacific Ry. Co.* v. *United States,* 168 U. S. 1; and see also *Price* v. *Dewey,* 11

Fed. Rep. 104; *Nemetty* v. *Naylor,* 100 N. Y. 562; *Reichert* v. *Krass,* 41 N. E. Rep. 835; *Blair* v. *Bartlett,* 75 N. Y. 150; *Dunham* v. *Bower,* 77 N. Y. 76; *Gibson* v. *Bingham,* 43 Vermont, 410; *Rew* v. *School District,* 106 Am. St. Rep. 282.

In reaching its judgment upholding the validity of the note the Federal court necessarily determined there was no failure of consideration, and that is the foundation of the action in the state court; prior to this case the decisions of the state court supported the principle contended for. *Willoughby* v. *Railroad Co.,* 52 S. Car. 175; *Ryan* v. *Association,* 50 S. Car. 187.

This action cannot be sustained without depriving plaintiff in error of the benefit of a judgment of the Federal court.

In further support of the contentions of plaintiff in error see *Mooklar* v. *Lewis,* 40 Indiana, 1; *Shepherd* v. *Temple,* 3 N. H. 455, and the decision of the Supreme Court of South Carolina rendered since this case was decided. *Greenwood Drug Co.* v. *Bromonia Co.,* 81 S. Car. 516.

*Mr. Charles A. Douglas,* with whom *Mr. W. F. Stevenson* and *Mr. E. O. Woods* were on the brief, for defendant in error:

This court is without jurisdiction. The point that full faith and credit was not given to the judgment of the Federal court does not appear in the record and a general statement is not sufficient, and questions other than Federal are involved.

The first judgment is not *res judicata* in regard to the question in the second suit. The rule requiring a party to assert all defenses does not apply to defendant's claims against plaintiff by way of counterclaims and set-off. 1 Van Fleet, §§ 168–172; Black on Judgments, § 768; *Davis* v. *Hedges,* L. R. 6 Q. B. 687; *Kennedy* v. *Davisson,* 33 S. E. Rep. 292; *Riley* v. *Hole,* 33 N. E. Rep. 491; *Conner* v. *Varney,* 10 Gray, 231; *Myrian* v. *Woodcock,* 104 Massachusetts, 326; *Gilmore* v. *Williams,* 38 N. E. Rep. 976; 19 Ency. P. & P. 731; 24 Am. & Eng. Ency. 785. The questions of failure of consideration and damages to crop were not involved in the

first suit and the judgment was not *res judicata* in regard to those issues.

MR. JUSTICE MCKENNA delivered the opinion of the court.

This case involves the question as to whether the state courts gave due force and effect to a judgment of the Circuit Court of the United States for the District of South Carolina in an action brought by plaintiff in error against the defendant in error.

The action in the case at bar was brought by defendant in error, whom we shall call Kirven, against plaintiff in error, whom we shall call the Chemical Company, for damages resulting from the defective manufacture of certain fertilizers bought by Kirven of the Chemical Company, through one McCall, to whom he gave his note for twenty-two hundred and twenty-eight dollars. The allegation of complainant is:

"That the said fertilizers, to wit, acid phosphate and dissolved bone, had been manufactured with such gross negligence and want of skill that, instead of being of advantage to the crops to which they were applied, they destroyed the same in large part, and were not only worthless to the plaintiff, but, by destroying his crops, damaged him very heavily, and by the injury which was inflicted on his crop of cotton and corn by fertilizers which were manufactured and sold for use upon them, he was damaged in the sum of $1,995."

The Chemical Company, in its answer, set up, among other defenses, the judgment of the Circuit Court of the United States. The plea was not sustained and judgment was entered for Kirven for the amount sued for, which was affirmed by the Supreme Court of the State. *Kirven* v. *Virginia-Carolina Chemical Co.*, 77 S. Car. 493.

The facts, so far as necessary to be stated, are as follows: The Chemical Company, being a New Jersey corporation, brought action against Kirven in the Circuit Court of the United States for the District of South Carolina on the note before mentioned. Kirven, among other defenses, set up

that the note was given for fertilizers, "for which he agreed
to pay a sound price, which is set forth in the note sued upon,
and were purchased for the use of the defendant himself
and his tenants and customers in making a crop for the
year in which the said note was given, but the said fertilizers
were so unskillfully manipulated and manufactured and
prepared, and were of such inferior quality, that instead of
being a benefit to the crops of defendant and his tenants
and customers, to whom he furnished the same, they were
deleterious and destructive to the crops, and destroyed the
same in large part, and there was an entire failure of con-
sideration to the defendant for said note."

Kirven subsequently filed a supplementary answer, in
which he omitted, the Chemical Company not objecting,
the defense above set out, but pleaded as a counterclaim
certain proceedings instituted by the Chemical Company
in North Carolina, in which it attached certain cotton belong-
ing to Kirven, sold the same and " applied and appropriated
the proceeds to its own use and benefit." The value of the
cotton and the amount "so seized and appropriated" were
alleged to be twenty-four hundred and fifty dollars ($2,450.00).

Kirven, when testifying as to the purchase of the fertilizers,
said: "I did not know anything, until later on, there was a
complete destruction of my crop." Counsel for the company
objected "to the latter clause, on the ground that that whole
question is taken out of the complaint." The objection was
sustained and the answer stricken out. The Chemical Com-
pany recovered judgment for nine hundred eleven dollars
and seven cents ($911.07).

A motion is made to dismiss the writ of error, on the
grounds (1) that the assignment of errors in the Supreme
Court of the State lacked certainty of specification, as it only
stated that the refusal by the trial court to give proper and
full credit to the judgment of the Circuit Court, "thereby
denied to the defendant [the Chemical Company] a right
arising under the authority of the United States." This, it

is contended, is not sufficient to raise a Federal right, and the following cases are cited: *Chicago & N. W. Ry. Co. v. Chicago,* 164 U. S. 454; *Clarke v. McDade,* 165 U. S. 168; *Miller v. Cornwall R. R. Co.,* 168 U. S. 131; *Harding v. Illinois,* 196 U. S. 78; *Thomas v. State of Iowa,* 209 U. S. 258.

The cases are not applicable. In neither of them was the contention under the Constitution of the United States identified or passed upon. In the case at bar there is a definite right arising under the authority of the United States and the decision of the court was in effect against it. The case falls within *Crescent City &c. Co. v. Butchers' Union &c. Co.,* 120 U. S. 141; *Pittsburg &c. Ry. v. Loan & Trust Co.,* 172 U. S. 493; *Deposit Bank v. Frankfort,* 191 U. S. 499.

The question on the merits is a narrow one. Its solution depends upon the application of well-known principles— too well known to need much more than statement. It is established that the bar of a judgment in another action for the same claim or demand between the same parties extends to not only what was pleaded or litigated in the first action, but what might have been pleaded or litigated. If the second action is upon a different claim or demand, the bar of the judgment is limited to that which was actually litigated and determined. *Cromwell v. Sac County,* 94 U. S. 351; *Northern Pacific Ry. Co. v. Slaght,* 205 U. S. 122. Of course, as contended by the Chemical Company, there are some defenses which are necessarily negatived by the judgment—are presumed never to have existed. These are such as go to the validity of the plaintiff's demand in its inception or show its performance, such as is said in *Cromwell v. Sac County, supra,* as forgery; want of consideration or payment. But this court has pointed out a distinction between such defenses and those which, though arising out of the transaction constituting plaintiff's claim, may cut it down or give rise to an antagonistic demand. Of such defenses we said, speaking through Mr. Justice Holmes in *Merchants' Heat & Light Co. v. Clow & Sons,* 204 U. S. 286, 290, that the right to

VOL. CCXV—17

plead them as a defense "is of modern growth, and is merely a convenience that saves bringing another suit, not a necessity of the defense." And showing how essentially they were independent of the plaintiff's demand, although they might be of a defense to it, it was said that when the defendant set them up he became a plaintiff in his turn and subject to a jurisdiction that he otherwise might have denied and resisted. The principle was applied to recoupment as well as to set-off proper. Even at common law, it was said (p. 289), "since the doctrine has been developed, a demand in recoupment is recognized as a cross demand as distinguished from a defense. Therefore, although there has been a difference of opinion as to whether a defendant by pleading it is concluded by the judgment from bringing a subsequent suit for the residue of his claim, a judgment in his favor being impossible at common law, the authorities agree that he is not concluded by the judgment if he does not plead his cross demand, and that whether he shall do so or not is left wholly to his choice." This doctrine is attempted to be avoided by insisting that Kirven's plea in the Circuit Court and his cause of action in the case at bar is an assertion of a want of consideration for the note, and, it is urged, brings the case under one of the defenses mentioned in *Cromwell* v. *Sac County, supra,* which would have defeated recovery on the note, and that the judgment obtained necessarily negatives the facts upon which Kirven now bases his cause of action. "Call it what he may please," the Chemical Company says, "the basis of Kirven's claim in this suit is an alleged failure of consideration of such great degree that it amounted to positive viciousness, which would have been a perfect defense to the suit in the United States Court." It may be, indeed, that such "viciousness" could have been set up in the action in the Circuit Court, but it would be to confound distinctions that have always been recognized, and the effect of which are pointed out in *Merchants' Heat & Light Co.* v. *Clow & Sons, supra,* to conclude that the judgment recovered

negatives the existence of that "viciousness," or the damages which were consequent to it. This was the view taken by the Supreme Court of the State, that court deciding that the cause of action in the Circuit Court and that in the case at bar were upon different claims or demands—"one being upon a promissory note, and the other for unliquidated damages," arising from the destruction of Kirven's crops. And the Supreme Court also decided, that Kirven withdrew the defense based on the damages to him. It was omitted, as we have seen, from the supplementary answer. Testimony in regard to it was excluded upon the objection of the Chemical Company, and there is support for the contention that the company is estopped to urge that a defense which was excluded upon its objection was involved in the action and concluded by the judgment.

It is, however, contended by the Chemical Company that whether new matter constitutes a defense or counterclaim under §§ 170, 171 of the Code of Procedure of South Carolina (inserted in the margin [1]), it must be set up by a defendant in his answer and cannot be, if not set up, used as an independent cause of action. It is also contended that this being the practice in the state courts, by virtue of the

---

[1] Sec. 170. The answer of the defendant must contain:

"1. A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief.

"2. A statement of any new matter constituting a defense or counterclaim, in ordinary and concise language, without repetition."

Sec. 171. The counterclaim mentioned in the last section must be one existing in favor of the defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the following causes of action:

"1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action.

"2. In an action arising on contract, any other cause of action arising also on contract, and existing at the commencement of the action."

provisions of § 914 of the Revised Statutes of the United States, it becomes the practice in causes in the courts of the United States held in South Carolina. That section requires "the practice, pleadings, forms and modes of proceedings" in the Federal courts to "conform as near as may be" to the practice in the state courts. An answer to this contention is that the Supreme Court of the State did not so construe the Code of Procedure. On the effect of the judgment of the Circuit Court of the United States as *res judicata* the court divided, but three members of the court must have entertained opinions adverse to the contention of the Chemical Company. Mr. Justice Gary discussed the effect of the judgment, and was of opinion that it was not *res judicata*, a conclusion at which he could not have arrived if the code of the State required Kirven to set up his demand for damages in the answer. Mr. Justice Woods, in his concurring opinion, expressed the view that under the code the demand could have been, but was not required to be, pleaded in defense. Mr. Justice Pope dissented from that construction, and also from the effect of the judgment as *res judicata*. Mr. Justice Jones concurred with the Chief Justice only as to the effect of the judgment.

Finally, it is urged that in the case of *Greenwood Drug Company* v. *Bromonia Company*, 81 S. Car. 516, decided since the case at bar, the Supreme Court of the State of South Carolina is in accord with the contention of the Chemical Company as to the effect of judgments as *res judicata*, and has modified the views expressed by that court in the case at bar. It may well be contended that we are not concerned to consider to what extent that learned court has modified its views, as we have taken jurisdiction of this case because of our right to decide the weight and effect to be given to the judgment of the Circuit Court. It is enough, however, to say that the Supreme Court of South Carolina did not question the correctness of its decision in the case at bar.

*Judgment affirmed.*