### 9985

### LUDLOW v. KING *ET AL.*

#### (96 S. E. 247.)

1. JUDGMENT—RES JUDICATA—FINDING OF INDEBTEDNESS.—Where, in an action for an accounting by partners in trade against plaintiff, the question whether the partners were indebted to plaintiff was not made an issue, and it was not necessarily involved on trial, and the Circuit Judge did not render judgment for any such indebtedness, though he found that the partners owed plaintiff a certain sum, such finding was not *res adjudicata* that the partners owed plaintiff, binding in his subsequent action against them.

2. JUDGMENT — EVIDENCE — FINDING OF INDEBTEDNESS — REBUTTAL.—A finding of the Circuit Judge on the first trial that the partners were indebted to plaintiff in a sum was *prima facie* evidence of the fact, and the judgment was admissible in evidence on second trial to prove the point, but the partners had the right to introduce other testimony to rebut the *prima facie* showing.

Before Peurifoy, J., Anderson, Fall term, 1917. Reversed.

Action by H. Ludlow against Warley C. King and Ellison C. Asbell. From an order directing a vedict for plaintiff, defendants appeal.

*Messrs. Bonham, Watkins & Allen,* for appellants, submit: *It was error to permit the introduction in evidence of the judgment in the former case (King & Asbell v. Ludlow):* 77 S. C. 493; 215 U. S. 52; Code of Procedure, sec. 521. *It is not necessary to multiply authorities to show that the judgment in this case should be reversed:* Black on Judgments, vol. II, sections 609 to 619, inclusive; also, sections 670, 671 and 695; 105 S. C. 137; 98 S. C. 137; 98 S. C. 185; 90 S. C. 128; 94 U. S. 361; 77 S. C. 493; 215 U. S. 252.

*Mr. M. R. McDonald,* for respondent, cites: *As to the introduction in evidence of the judgment in King & Asbell v. Ludlow:* 19 S. C. 166-167; 72 S. C. 491; 74 S. C. 527; 23 Cyc. 1531; 4 Strob. 50; 61 S. C. 426; 23 Cyc. 1286; 23 Cyc. 1538.

June 24, 1918.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

This is an appeal from an order directing a verdict in favor of the plaintiff. The facts are thus stated in the record:

"Plaintiff sued defendants, alleging that during the years 1913 and 1914 he was a tenant of defendant, King, and became indebted to King individually, and to King and Asbell as partners for merchandise and supplies in an amount aggregating several hundred dollars; that he had overpaid all this indebtedness; that an accounting had been had

between the parties, which showed that he had overpaid all his indebtedness to defendants in a sum aggregating $176.01; that this amount had been paid by him through mistake, inadvertence, misapprehension, and erroneous bookkeeping on the part of defendants; and that defendants are now due plaintiff the sum of $176.01. Defendants denied these allegations, and alleged that plaintiff not only had not paid his indebtedness, but that he is still indebted to defendants in a considerable sum of money, and they asked that an accounting be had and judgment rendered against him for such amount as should be found due by him to defendants. The case was tried before Judge Peurifoy, and a jury, at the March term of Court, 1918; plaintiff was sworn and testified in his own behalf, and his attorney offered in evidence judgment roll No. 3426 in the clerk of Court's office for Oconee county, being the judgment roll in the case of *Warley C. King and Ellison C. Asbell, as partners in trade under the style and firm name of King & Asbell v. H. Ludlow.* Defendants objected to the introduction of this record on the ground that it was incompetent to prove by it that the defendants, King and Asbell, in the present action owe anything to the plaintiff, since it appears from said record: First, that the question of whether King and Asbell owed H. Ludlow anything was not an issue in that case, and could not, therefore, be properly decided in it; and, second, because no judgment was rendered in that action against King and Asbell for said sum. Defendant's objections were overruled, and the record allowed in evidence. On behalf of the defendants each of them testified that, after allowing plaintiff all just credits upon his accounts, he still owes the sum of $187.62. They also introduced the testimony of J. B. Ligon, their bookkeeper, who introduced their books of account to the same effect. At the conclusion of defendant's testimony plaintiff's counsel moved for a verdict to be directed against the defendants for the sum of $176.01, on the ground that the decree of his Honor, Judge Smith, in the

judgment roll introduced in evidence, had found that King and Asbell were indebted to H. Ludlow in the sum of $176.01, and that this case was conclusive upon the defendants in the present case.   The presiding Judge sustained this contention, and directed a verdict for plaintiff, H. Ludlow, for the amount demanded in the complaint.   In this connection his Honor ruled that, if defendants could produce evidence of other items of account against the plaintiff than those which were taken into consideration in the case tried in Oconee county, such evidence would be admitted, but that, since no new evidence was presented, under the decree of Judge Smith it must be held that an accounting had been had between the parties, and that Judge Smith had found that King and Asbell owed H. Ludlow the amount claimed, $176.01; and that such finding by Judge Smith was conclusive upon the defendants in this action.   Defendants duly excepted to this ruling."

The first question that will be considered is whether there was error on the part of his Honor, the presiding Judge, in ruling that the finding of his Honor, the Circuit Judge, on the first trial, that King and Asbell owed Ludlow the sum of $176.01, was conclusive upon them in the present case.   The ruling was practically to the effect that the finding as to said indebtedness was *res adjudicata.* The question whether King and Asbell were indebted to Ludlow was not made an issue in that case, nor was it necessarily involved in the trial thereof, nor did the Circuit Judge render judgment for such indebtedness.   The following cases show that the ruling was erroneous: *Kirven v. Chemical Co., 77* S. C. 493, 58 S. E. 424; *Chemical Co. v. Kirven,* 215 U. S. 252, 30 Sup. Ct. 78, 54 L. Ed. 179; *Cannon v. Cox,* 98 S. C. 185, 82 S. E. 399.

As the parties to the two actions are the same, the finding of the Circuit Judge on the first trial was *prima facie* evi-

dence that King and Asbell were indebted to Ludlow in the sum of $176.01, and the judgment was admissible in evidence for that purpose. King and Asbell, however, had the right to introduce other testimony for the purpose of rebutting the *prima facie* showing.

Judgment reversed.