MINEMOUNT REALTY COMPANY, INCORPORATED, complainant-respondent,

*v.*

FREDERIC E. BALLENTINE, defendant-appellant.

[Submitted May 27th, 1932. Decided October 17th, 1932.]

*Mr. William K. Flanagan,* for the appellant.

*Mr. Osie M. Silber,* for the respondent.

PER CURIAM.

The bill was filed by a vendor of real estate against vendee for specific performance. The property consisted of a house and lot, and a garage not erected at the time the contract was signed, that instrument stipulating, among other things, that complainant was to "furnish and erect a one-car garage nine by eighteen, frame, with concrete floor, and paint the same." The defense was two-fold: First, fraudulent misrepresentation inducing the contract, with regard to the material and workmanship put into the house; and as to this the proof of poor material and workmanship is persuasive. Secondly, material defects in the building of the garage, which, as we read the evidence, had not been begun, or had just been begun, at the time the contract was signed. Generally speaking, the claim as to the garage was that it had no

foundation worthy of the name, and that the concrete floor was laid in cold weather and froze so that it crumbled.

The vice-chancellor in a formal opinion, which however is marked "not to be published in official or unofficial reports" and which it is unnecessary to reproduce here as we reach a result contrary to that expressed by him, held in substance that as to the house, the defendant was a real estate man familiar with the property and having it listed on his books for sale; that his opportunities for ascertaining the quality of material and workmanship of the house were such that he could not have been deceived by any representations made on behalf of the vendor; and that as to the garage, the defendant, who drew or revised the contract, owed it to himself and to the vendor to specify as to the depth of foundation, &c.

Without spending any time on the first proposition, we think it is sufficient to rest our determination of this appeal on the second. We cannot agree that defendant was bound to specify the depth and material of the garage foundation, and to provide that the floor should not be laid under freezing conditions, or take the consequences. Where a party contracts to build a building for a specified purpose, the law reads into the contract a stipulation that the building shall be erected in a reasonably good and workmanlike manner and when completed shall be reasonably fit for the intended purpose. *13 C. J. 560*. The evidence is plenary that this garage, set on a shallow foundation which gave way and wrenched the whole superstructure, with a floor ruined by the frost, was not a compliance with the vendor's contract to "furnish and erect a one-car garage nine by eighteen, frame, with concrete floor."

As we have said, the question of false representations does not apply to the garage, which was not even begun, except for a little trench excavation perhaps, when the contract was signed; and the defendant, even if not deceived as to the house, was under no obligation to accept a property which in respect to the material element of the garage was not according to the contract.

The defendant asks that the decree be reversed with directions to dismiss the bill of complaint. We conclude that he is entitled to this, and such will be the order.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.