Sullivan,
June 28, 1934.

## DORILDA THIBAULT *v.* AGINARD J. LAMBERT.

*Hugh Moore*, for the plaintiff.

*Francis W. Johnston*, for the defendant.

BRANCH, J. By his plea the defendant invokes the "general rule that a valid judgment for the plaintiff definitely and finally negatives every defense that might and should have been raised against the action." 2 Black, Judgments, (2d *ed.*) s. 754; *Metcalf* v. *Gilmore*, 63 N. H. 174, 189; *Chesley* v. *Dunklee*, 77 N. H. 263, 267. With reference to the applicability of this rule, the items of the plaintiff's specification require individual consideration.

1. Considering only the language of the pleadings, it is plain that the plea states no defence to the first item of the specification. The plaintiff merely asserts the delivery of a check to the defendant for which he received "no credit or consideration." Nowhere does it appear that the check was given in part payment of the amount due the defendant under the building contract or that it was otherwise involved in that transaction. Upon this ground the plaintiff's demurrer might well have been sustained.

The superior court, however, "understood" that the plaintiff "claimed that this check was on account of the building contract" and overruled the demurrer upon the ground that this item "might have been pleaded and litigated" in the former suit. If the facts accord with the understanding of the trial judge, his ruling of law was correct.

As an application of the general rule above stated, "it is now fully settled upon the authorities that a partial payment, like any other defense, must be set up at the proper time or else be forever concluded by the judgment; and if a defendant omits to plead and insist upon such a payment, when he has a legal opportunity so to do, but suffers judgment to be taken for the whole original amount, he can never afterwards maintain a suit against his original creditor for the amount of the payment." 2 Black, Judgments, (2d *ed.*) s. 758; 34 C. J. Tit, Judgments, 861. In *Tilton* v. *Gordon*, 1 N. H. 33, the general rule as to the conclusiveness of judgments was stated and applied in a case where partial payment had been made on a note by the delivery to the creditor of a yoke of oxen. In the later case of *Snow* v. *Prescott*, 12 N. H. 535, where payment on a note had been made by delivery of certain chattels to the payee who had neglected to endorse the price thereof on the note, it was held "that the principle stated . . . in *Tilton* v. *Gordon*, as the foundation of their judgment,

was incorrectly applied to the facts of that case, and that the plaintiff was entitled to recover." The decision was based upon the ground that the payee's agreement to endorse the price of the chattels upon the note was an executory contract which he had failed to perform and which the maker was, therefore, entitled to rescind. This case has ever since been regarded as authority for the proposition "that money paid upon an executory contract may be reclaimed, and the value of goods sold and delivered and of labor performed under such a contract, may be recovered after the contract has been broken or rescinded by the other party thereto." *Brown* v. *Mahurin*, 39 N. H. 156, 162; *Sessions* v. *Meserve*, 46 N. H. 167. In no case, however, has this court held that a simple payment on account, which the debtor fails to assert as a defence in an action against him, can be recovered by him in a subsequent action against the creditor, and we are clearly of the opinion that this cannot be done.

2. and 3. In regard to the second and third items of the specification, the court made the following ruling: "Since the character of the workmanship and materials was implicitly in issue in the former suit, the demurrer is, as to those items, overruled." This ruling was erroneous. It is a well settled principle, supported by an enormous number of decisions, that where a defendant has a claim against the plaintiff which would furnish the basis for a cross action and which might be pleaded by way of recoupment or set off, he is not obliged to plead it in the plaintiff's action, and if he omits to do so, a judgment therein will not preclude him from afterward suing the plaintiff upon it. 2 Black, Judgments, (2d *ed.*) s. 767; 34 C. J. Tit. Judgments, 863; Note to *Seager* v. *Foster*, (185 Ia. 32) in 8 A. L. R. 690, 694; *Britton* v. *Turner*, 6 N. H. 481, 495; *Blodgett* v. *Company*, 52 N. H. 215; *Bascom* v. *Manning*, 52 N. H. 132; *Parker* v. *Roberts*, 63 N. H. 431; *Metcalf* v. *Gilmore*, 63 N. H. 174; *Parsons* v. *Crawford*, 64 N. H. 23. The cases collected in the note above referred to demonstrate that the principle is applicable generally to claims for recoupment for breach of contract. Its application in cases arising under building contracts is illustrated by the decisions in *Deeves* v. *Insurance Co.*, 195 N. Y. 324, and *Dewsnap* v. *Davidson*, 18 R. I. 98.

A claim for damages on account of defective materials and workmanship furnished under a building contract obviously affords the basis for an action of assumpsit against the contractor and may be set up as a defence by way of recoupment in an action brought by the contractor to collect the contract price. In this situation the owner "has the election whether he will set up his claim in answer to the

plaintiff's demand, or resort to a cross action." *Blodgett* v. *Company*, 52 N. H. 215, 218. A single claim cannot be used, however, both as a defence and a cause of action, nor can it be split up and part used as a defence and part as a cause of action. 2 Black, Judgments, (2d *ed.*) *ss.* 763, 768.

There is no suggestion in the defendant's plea that the plaintiff, in fact, defended the former suit upon the ground of defective materials and workmanship. It therefore follows that with reference to the second and third items of plaintiff's specification her demurrer to the defendant's plea should have been sustained.

4. From what has already been said, it is plain that with reference to the fourth item of her specification the plaintiff's demurrer to the defendant's plea should also have been sustained. If the plaintiff might have pleaded her claim for shingles appropriated by the defendant by way of recoupment in the former action, she was not bound to do so.

*Exceptions sustained in part.*

All concurred.