27 N.J. Super. 501 (1953)
99 A.2d 605
MECHANICAL DEVICES COMPANY, INC., PLAINTIFF-APPELLANT,
v.
GENERAL BUILDERS, INC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 9, 1953.
Decided October 8, 1953.
*503 Before Judges CLAPP, GOLDMANN and EWART.
Mr. Leon L. Levy argued the cause for plaintiff-appellant.
Mr. Sol Phillips Perlman argued the cause for defendant-respondent (Messrs. Perlman & Lerner, attorneys).
The opinion of the court was delivered by CLAPP, S.J.A.D.
This action is for breach of warranty in connection with work done for the plaintiff by the defendant under a building contract. Judgment went for *504 the defendant after a motion for summary judgment. Plaintiff appeals.
The appeal presents, first, the question whether, by the settlement of a proper action, the plaintiff estopped itself from bringing the present action. In the prior action, the present defendant, the builder, sued the present plaintiff, the owner of the property built upon, for $13,589, the balance then due it on the contract mentioned above. Twenty-one days after the service of the complaint in the prior action and before service of an answer, the parties entered into a written agreement of settlement, whereby the owner agreed to pay the $13,589 over a period of time, with some remission of interest. The money was later paid, and the builder gave a release of its mechanic's lien. Later, under the rule now R.R. 1:30-3, the case was dismissed, the court being told the case was settled.
The builder relies upon Kelleher v. Lozzi, 7 N.J. 17 (1951), claiming, first, that the making of the settlement ipso facto gave rise to a reasonable expectation on its part that the owner then surrendered any claim it had for breach of warranty. Kelleher v. Lozzi involved two litigations over the same auto accident. Lozzi first sued Mrs. Kelleher for her negligence in that regard. She settled that suit. Then she sued him for his negligence. When in the settlement of the first suit she paid him, as she did, a large proportion of what he may have been entitled to, she thereby acknowledged she was negligent and he was not.
We will endeavor to lay out the analogy between this case and the Kelleher case, as the builder seems to conceive it. In the first place it is said that the builder could not, in the earlier action here, have made out its claim to the $13,589, without proving performance of the work agreed to be performed. Thence it is deduced that a valid claim for the money is inconsistent with a valid claim for nonperformance of the contract. Next it is said  and we may concede it for the purposes of this argument  that the major facts which would be required in order to establish nonperformance of the warranties would also be required in order *505 to establish nonperformance of the work agreed to be performed. Thus, we are brought along to the proposition, in the words of Kelleher v. Lozzi, that "it is logically and factually impossible to reconcile a valid claim" by the builder for the amount due under the contract, with a valid claim by the owner for nonperformance of the warranties. That leads, we are told, to the proposition which was to be demonstrated, namely, that an acknowledgment of liability upon the first claim is necessarily an acknowledgment that the warranties have been performed.
No case upon the point has been found in this State. Clearly, however, under the authorities elsewhere, when an action is instituted against an owner for the money due under a contract and he has a claim for breach of warranty, the law gives him the option either of setting up the claim in that action or thereafter of bringing a separate action upon the claim. Cf. Norton v. Sinkhorn, 63 N.J. Eq. 313, 320 (E. & A. 1901), where no warranty was involved. Furthermore, if judgment goes against him in the first action and, at any event, if his rights under the warranty are not actually litigated in that action, he is not precluded from thereafter bringing an action on the warranty. Davis v. Hedges, L.R., 6 Q.B. 687 (1871); Virginia-Carolina Chemical Co. v. Kirven, 215 U.S. 252, 30 S.Ct. 78, 54 L.Ed. 179 (1909); Jones v. Charles Warner Co., 2 Boyce (Del.) 566, 83 A. 131 (Super. Ct. 1912); Davison Chemical Co. v. Andrew Miller Co., 122 Md. 134, 89 A. 401 (Ct. App. 1913); Gilmore v. Williams, 162 Mass. 351, 38 N.E. 976 (Sup. Jud. Ct. 1894); Minnaugh v. Partlin, 67 Mich. 391, 34 N.W. 717 (Sup. Ct. 1887); Thoreson v. Minneapolis Harvester Works, 29 Minn. 341, 13 N.W. 156 (Sup. Ct. 1882); Thibault v. Lambert, 87 N.H. 77, 174 A. 46 (Sup. Ct. 1934); McNight v. Devlin, 52 N.Y. 399 (1873); Holden v. Advance-Rumley Thresher Co., 61 N.D. 584, 239 N.W. 479 (Sup. Ct. 1931); Himes v. Kiehl, 154 Pa. 190, 25 A. 632 (Sup. Ct. 1893); Davenport v. Hubbard, 46 Vt. 200, 14 Am. Rep. 620 (Sup. Ct. 1873).
*506 It may seem, upon first inspecting the matter, that the doctrine of estoppel by judgment barely touches the doctrine of equitable estoppel relied upon here, and that there is nothing to be gained by looking at the matter from that tangent. However, the argument in this case, and indeed in the Kelleher case, seems to rest upon the doctrine of estoppel by judgment, and properly so in one respect. A judgment is a determination of the existence of certain minimal facts without which it could not have been rendered. Sbarbero v. Miller, 72 N.J. Eq. 248 (Ch. 1907), affirmed 74 N.J. Eq. 453 (E. & A. 1908). So viewed, the above cases become a determination that the builder's performance of those promises which constitute his warranties is not one of the minimal facts indispensable to his recovery of the money due under the contract. If that be so, then these cases establish that a valid claim for the amount due on the contract is not inconsistent with a valid claim on the warranties. We may proceed from there, without authority, to the proposition at stake here, namely, that a settlement of the first claim does not necessarily constitute a surrender of the second claim.
What is the theory of the cases? All of them have to do either with warranties or in a few instances, with the character of performance or the quality of goods furnished. The cases do not provide their own rationale. However, the line of authority finds its source in England and, as Justice Holmes suggests in Merchants Heat & Light Co. v. James B. Clow & Sons, 204 U.S. 286, 27 S.Ct. 285, 51 L.Ed. 488 (1906), no doubt goes back to the inefficiencies of the now obsolete defense of recoupment. If a hundred years ago the cases had decided the matter otherwise and a defendant had been obliged to set up a plea of recoupment in an action for the money due under a contract, not only would he have forfeited all rights he had to consequential damages, for example, for the cost of repairs made necessary because of a builder's defaults (see Wakeman v. Illingsworth, 40 N.J.L. 431 (Sup. Ct. 1878)), but, more serious than that, he would have been compelled to give up any chance he had to a judgment *507 in his favor. Merchants Heat & Light Co. v. James B. Clow & Sons, supra. This would have been a gross injustice.
However, the above authorities have more to sustain them than the inadequacies of the English practice a century ago. Of the authorities cited, we are concerned only with those involving warranties. In such cases there are two promises, usually two stipulations in the same contract, one to perform the contract and the other (implied in fact or law, or express) to fulfill the warranty. The damages for the breach of the first promise may be much less extensive than those for the breach of the second promise. One who obligates himself upon a warranty "should more readily foresee injurious consequences * * * than an ordinary contractor." 5 Williston on Contracts (rev. ed.), sec. 1393.
Besides, there are practical considerations. See Davis v. Hedges, L.R., 6 Q.B. 687, supra. The contract price is usually due immediately when the work contracted for is done, whereas defects in the work done, and the damages ensuing thereupon, may be altogether incapable of discovery until some time after the day of payment has arrived. However, we rest this case, not upon those considerations; they might be said to apply quite as well to a claim for failing fully to perform a contract where there is no warranty involved. We do not pass upon such a claim. We rest this case upon the fact that a warranty is, as stated, a separate promise.
There is good reason, then, for holding that a judgment for the money due on a contract is not of necessity an adjudication that the builder is free from liability on the warranty. By the same token, there is ample basis in reality for saying that when an action for the amount due on the contract is paid or settled, the parties do not necessarily intend to settle all claims on warranties. As stated in Davis v. Hedges, L.R., 6 Q.B. 687, supra, "it is clear that * * * the person * * * for whom the work is done may pay the full price without prejudice to his right to sue for the breach of warranty." So both upon the authorities and upon principle, we are brought to the conclusion that when the *508 amount due on the contract was settled by the payment of the principal amount and certain interest thereon less than the legal rate, the builder had no reason to expect that all claims on the warranties were ipso facto settled too.
It might be observed that we do not deal generally with the situation arising where certain facts constitute in the earlier suit a ground for a defense and also a ground for a counterclaim. Nor do we pass upon the question whether the Kelleher case furnishes the basis for a general rule that the defendant in such a situation who settles the plaintiff's claim is thereafter estopped from suing the plaintiff on the subject of the counterclaim; for if there is such a rule, then in our opinion an exception to that rule arises in a case, like the present one, involving (as we have said) a separate promise of warranty. As to the general rule where the earlier suit goes to judgment without an actual litigation of the defense, cf. Restatement of Judgments, sec. 58b (Illustration 4 is a case of warranty); Scott, Collateral Estoppel by Judgment, 56 Harv. L. Rev. 1, 27; 2 Black on Judgments, secs. 767 to 769; Massari v. Einsiedler, 6 N.J. 303 (1951); 49 A.L.R. 553. Distinguish O'Connor v. Varney, 10 Gray 231 (Mass. Sup. Jud. Ct. 1857) and Patrick v. Shaffer, 94 N.Y. 423 (Ct. App. 1884), cited in Kelleher v. Lozzi, 7 N.J. 17, supra; there the defense was actually litigated in the first action. Esper v. Manhattan Transit Co., 112 N.J.L. 186 (Sup. Ct. 1933), affirmed 115 N.J.L. 113 (E. & A. 1935); Restatement of Judgments, sec. 58c; Leslie v. Mollica, 236 Mich. 610, 211 N.W. 267, 49 A.L.R. 551; 83 A.L.R. 642.
Even conceding all that has been said above, the builder insists that an estoppel has been made out. It claims that the complaint in the prior action here was not simply for money due upon a building contract, but on the contrary put directly in issue all claims for breach of warranties. To make this out, the builder relies upon the following paragraph of that complaint, in particular upon the words italicized below:
*509 "6. On or about the said 17th day of August, 1951 plaintiff commenced the aforesaid work, furnishing the labor and materials, on the foundations and floor slabs, and on or about the 31st day of August, 1951 commenced the other work mentioned in paragraph 2, furnishing the labor and materials required, and performed all the work, furnishing the labor and materials, required of the plaintiff in accordance with the aforesaid agreement, and as requested and instructed by the said defendant as agreed upon, and completed the work on the 5th day of October, 1951, furnishing all the labor and materials, and has complied in all respects with all agreements on its part to be performed."
Paragraph 6 is not very different from the "common formula" in which a plaintiff alleges generally in his complaint the performance of all conditions precedent to the contract. See Vreeland v. Beekman, 36 N.J.L. 13 (Sup. Ct. 1872). Taking it as a lawyer would read it, paragraph 6 is an assertion that the builder had kept its promise that the work would be done; it is not an assertion that the builder had kept the other promises which make up the warranties. The performance of those latter promises is not a condition precedent to a recovery for money due because of work done or goods sold. Mondell v. Steel, 8 M. & N. 858, 151 Eng. Rep. 1288 (Ex. 1841), and cases supra, passim. The complaint then did not fairly put in issue the warranties sued upon here, and we therefore have no need to consider what the consequences might be, had they been in issue.
In the course of its argument upon estoppel, the builder contended that the settlement agreement extinguished the warranties. If, indeed, the parties intended by the settlement to satisfy the claim on the warranties, the settlement would operate as an executed accord. However, the settlement agreement here was spelled out with care and at length, and there is nothing in its terms revealing an intention to settle any claim for breach of warranty.
Finally, it is urged upon us that the present plaintiff is precluded by the parol evidence rule from making any claim for improper work other than that arising under the written warranty dated February 11, 1952. We understand  the record is not entirely clear  that the plaintiff in this action relies upon several warranties. First, it relies upon a warranty, *510 implied in law, arising August 17, 1951 on the making of the construction contract, by which the defendant agreed to do in a reasonably good and workmanlike manner the work called for by the contract and further agreed that the work done would be reasonably fit for the purpose intended, as stated in Minemount Realty Co. Inc. v. Ballentine, 111 N.J. Eq. 398 (E. & A. 1932). Second, it relies upon certain alleged oral warranties, namely, to do the job in a good and workmanlike manner and against all defects, which warranties were made prior to and in the course of the construction and shortly after its completion October 5, 1951. Third, it relies upon a letter from the defendant, setting forth the written warranty mentioned, which letter was delivered at the time of the settlement above referred to, that is, February 11, 1952. This last is a one-year guaranty, limited to a portion of the work done, and otherwise circumscribed. The defendant claims that the implied warranty and the oral warranties mentioned became integrated into the written warranty last mentioned. It is sufficient for the purposes of this opinion to say that the court below held that the plaintiff could sue only on the written warranty, and then entered final judgment when the plaintiff refused so to limit its case.
The oral and implied warranties are not necessarily so much a "part and parcel of the transaction" making up the settlement, that it should be said as a matter of law that the parties settled all warranties not included in the letter. Naumberg v. Young, 44 N.J.L. 331, 342 (Sup. Ct. 1882). The parties, in fact, might well have intended to settle the prior warranties, but we are asked to dispose of the matter under the parol evidence rule. Where, as here, transactions are so entirely distinct, and removed in point of time, and the latest one leading to the written warranty is founded upon a consideration entirely separate from the consideration allegedly supporting the earlier warranties, there is no basis for presuming under the parol evidence rule that the instrument embodying the written warranty is a repository of all the warranties that had gone before. No case is cited for so *511 novel an extension of the parol evidence rule. Without such a presumption, the argument falls entirely, for there is nothing in the instrument of February 11, 1952 to indicate that it was intended to be the sole memorial of all warranties between the parties.
Judgment reversed.