Taft, J.
The principal question to be decided is whether, as the trial court held, the judgment of dismissal “with prejudice” in the federal court barred as res adjudícala the cause of action set forth in plaintiff’s petition.[1]
*181 The holding of the trial court, that was affirmed by the Court of Appeals, was based upon the conclusion that the judgment of dismissal by the federal court was a bar, as res adjudicata, to the present action, and not that such judgment necessarily represents a determination of any decisive issue in the instant case in such a way that that judgment would operate as an estoppel against assertion of the cause of action that is asserted in the instant action.[2]
In order for a judgment to so bar the subsequent assertion of a cause of action as res adjudicata, such judgment must have been rendered in an action based upon the same cause of action between the same parties or their privies.[3] The judgment of dismissal of the federal court was admittedly rendered in an action between the same parties.
Where Rule 13 of the Federal Rules of Civil Procedure or a similar applicable rule or statute requires a defendant to assert a claim that such defendant has as a counterclaim in an action,[4] such rule or statute has the effect of making such action an action based upon not only the cause of action asserted in the petition but also the cause of action that should have been asserted by way of counterclaim.[5]
As a result, a judgment on the merits in that action will bar, as res adjudicata, a cause of action that should have been asserted therein by way of counterclaim, even though such cause of action was not so asserted.[6]
*182 Generally, a consent judgment operates as res adjudicata to the same extent as a judgment on the merits.[7]
The term “with prejudice” is the converse of “without prejudice”; and, where a party to an action consents to a judgment of dismissal “with prejudice,” such judgment concludes the rights which he did assert or should have asserted therein to the same extent as they would have been concluded if the action had been prosecuted to a final adjudication against those rights.[8]
Thus, in an instance where Rule 13 of the Federal Rules of Civil Procedure or a similar applicable rule or statute requires a defendant to assert a claim that such defendant has as a counterclaim in an action and he does not assert it, a consent judgment dismissing the action with prejudice will bar as res adjudicata assertion of that claim in any subsequent action.[9]
From the words of Rule 13 of the Federal Rules of Civil Procedure, it is apparent that, in an action in a federal court for personal injuries resulting from an automobile collision, that rule requires the party sued to assert as a counterclaim any cause of action that he may have, when he serves his answer, against the party suing for damages resulting from that collision, unless that cause of action of the party sued was the subject of another pending action at the time of commencement *183 of such federal court action. Since such a cause of action or ‘ ‘ claim ’ ’ of the party sued arises out of the same collision as does the cause of action of the party suing, it obviously arises out of the same “occurrence, that is the subject matter of the * * * claim” of the party suing. Also, such a claim of the party sued “does not require for its adjudication the presence of” anyone other than the party suing. Plaintiff did not even institute the instant ease until after filing his answer in defendant’s federal court suit. It is apparent therefore that the cause of action set forth in plaintiff’s petition is one that Rule 13 would have required plaintiff to assert as a counterclaim in defendant’s federal court action if that action had originally been instituted in the federal court.
Rule 81 of the Federal Rules of Civil Procedure specifically provides that those “rules apply to civil actions removed to the United States District Courts from the state courts and govern procedure after removal”; and that “in a removed action in which the defendant has not answered, he shall answer and present the other defenses or objections available to him under these rules * * # after * * * removal.” The answer in defendant’s federal court action against the plaintiff was not filed until after the action had been removed to the federal court.
To the extent to which a judgment of a federal court operates as res adjudicata in that court, it operates as res adjudicata in the courts of this state.[10]
Plaintiff complains further because the Common Pleas Court, after overruling plaintiff’s demurrer, “refused to permit the filing of a reply.”
On May 2, 1958, after defendant had filed his motion for judgment on the pleadings and at a time after the rule day for filing a reply, plaintiff, with leave of court, did file a reply in *184 stanter, but that reply does not purport to deny any allegations of defendant’s answer setting forth the federal court judgment as a bar to assertion of plaintiff’s cause of action in the instant case. Instead, plaintiff at that time, with leave of court, filed a demurrer with respect to those allegations. There is nothing in the record that indicates any attempt by plaintiff, after that demurrer was overruled and defendant’s motion for judgment on the pleadings was sustained, to secure leave to file any further reply. It is apparent therefore that the Common Pleas Court could not have refused to permit plaintiff to file such a reply because plaintiff did not even request an opportunity to do so.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Matthias, Bell, Herbert and Peck, JJ., concur.

Although the second defense of defendant’s answer alleges that plaintiff paid defendant and his wife $25,000 in settlement of their claims and took “a full, complete and absolute release of all claims” from defendant and his wife, there are no allegations that any release was given by plaintiff. However, it is reasonably arguable, although this court expresses no opinion with respect thereto, that, because of the provisions of Section 2309.19, Revised Code, such a settlement of defendant’s claim for damages arising from this collision, in the absence of provisions in the release reserving to plaintiff a right to sue defendant, would represent a settlement of any claim of plaintiff against defendant with respect to damages on account of the same collision. Section 2309.19, Revised Code, reads in part:
“When cross-demands have existed between persons under such circumstances that if one had brought an action against the other a counterclaim could have been set up * * *. the two demands must be deemed compensated so far as they equal each other.”

See paragraph two of syllabus of State, ex rel. Ohio Water Service Co., v. Mahoning Valley Sanitary District (1959), 169 Ohio St., 31, 157 N. E. (2d), 116.

State, ex rel. Ohio Water Service Co., v. Mahoning Valley Sanitary District, supra, note 2, paragraph one of syllabus.

In Ohio, there is no requirement for compulsory counterclaims comparable with that provided for by Rule 13. See Section 2309.35, Revised Code.

United States v. Eastport Steamship Corp. (CCA2-1958), 255 F. (2d), 795 (“the compulsory counterclaim rule requires that once the action was commenced” in a court having such applicable rule “that court was the only proper forum for the adjudication of any claims by the” party sued “arising out of the transaction or occurrence that was the subject matter of” the “petition” of the party suing).

Comer v. Fistere (Mun. CA, DC-1954), 103 A. (2d), 206. Annotation 22 A. L. R. (2d), 621. 627. See Switzer Bros., Inc., v. Locklin (CCA7-1953), 207 F. (2d), 483. Ake v. Chancey (CCA5-1945), 149 F. (2d), 310. Brinkmann v. Common School Dist. (Mo. — 1953), 255 S. W. (2d), 770. In re Estate *182 of Hoelscher (1958), 249 Iowa, 444, 87 N. W. (2d), 448. Flickinger v. Swedlow Engineering Co., Inc. (1955), 45 Cal. (2d), 388, 289 P. (2d), 214. 3 Moore’s Federal Practice (2 Ed., 1958 Supp.), 28, Section 13.12. Cf. Virginia-Carolina Chemical Co. v. Kirven (1909), 215 U. S., 252, 54 L. Ed., 179, 30 S. Ct., 78, and Grodsky v. Sipe (1940), 30 F. Supp., 656, in each of which, in the jurisdiction whose judgment was involved, there was no applicable rule or statutory provision for compulsory counterclaims such as that set forth in Rule 13 of the Federal Rules of Civil Procedure.

Lawlor v. National Screen Service Corp. (CCA3-1954), 211 F. (2d), 934. See United States v. Eastport Steamship Corp., supra, note 5, annotation 2 A. L. R. (2d), 514, 521, annotation 97 L. Ed., 1188, 1191.

Esquire, Inc., v. Varga Enterprises, Inc. (CCA9-50), 185 F. (2d), 14. Cleveland v. Higgins, Collector, Internal Revenue (CCA2-1945), 148 F. (2d), 722. Burns v. Fincke (CCA, DC, 1952), 197 F. (2d), 165. 17 American Jurisprudence, 175, Section 106. See Section 2323.05, Revised Code, specifying six situations in which “an action may be dismissed without prejudice to a future action” and stating that “in all other cases the decision must be on the merits.”

Keller v. Keklikian (1951), 362 Mo., 919, 244 S. W. (2d), 1001.

Deposit Bank v. Frankfort (1908), 191 U. S., 499, 48 L. Ed., 276, 24 S. Ct., 154. 54 American Jurisprudence, 678, Section 19. Annotation 2 A. L. R. (2d), 514, 530. Cf. De Carlucci v. Brasley (1951), 16 N. J. Sup., 48, 83 A. (2d), 823, where a direct attack on the judgment was made in the proceeding in which it had been rendered, instead of a collateral attack in another court as in the instant case, and Perry v. Faulkner (1954), 98 N. H., 474, 102 A. (2d), 908 (“in order that the plaintiff here may be free to sustain her action she should first proceed by motion in the Superior Court to vacate the judgment against her in” the action brought by defendant against plaintiff to recover for plaintiff’s damages from the same collision).